

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 FEB 16 PM 3: 36

DEPUTY CLERK

Bryan W. Wilder
1317 Cedar Hill Avenue
Dallas, Texas 75208
Tel. 214-505-6938
bryan@fruitsource.net

# ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| Bryan W. Wilder | ) CASE NO.: **3:15-cv-04013-N-BF** |
| | ) |
| Plaintiff, | ) **OPPOSITION TO DEFENDANTS'** |
| v. | ) **CALIBER HOME LOANS, INC.;** |
| | ) **FEDERAL HOME LOAN** |
| Ogden Ragland Mortgage; | ) **MORTGAGE CORPORATION** |
| Mortgage Electronic Registration Systems, Inc.; | ) **MOTION TO DISMISS PURSUANT** |
| JPMorgan Chase Bank, N.A.; | ) **TO FED. R. CIV. P. 12(b)(6)** |
| Caliber Home Loans, Inc.; | ) |
| Federal Home Loan Mortgage Corporation | ) **AND** |
| /a/k/a Freddie Mac; | ) |
| Connie J. Vandergriff; | ) **MOTION TO STRIKE** |
| | ) **DEFENDANTS' MOTION AND** |
| DOES 1-100 | ) **DEFENSES** |
| Defendants | ) |

### STANDARD OF REVIEW FOR UNREPRESENTED LITIGANT'S PLEADINGS

Plaintiff's pleadings are requested to be construed by "less stringent standards". See *Haines v. Kerner*, 404 U.S. 519-20, (1972). *Unrepresented litigant should be given a reasonable opportunity to remedy defects in his [or her] pleadings if the factual allegations are close to stating a claim for relief. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys. Implicit in the right of self representation is an obligation on the part of any court to make reasonable allowances to protect *unrepresented* litigants from inadvertent forfeiture of important Rights because of any lack of formal legal training. See Traguth v. Zuck, 710 F.2d 90, 95 (2nd Cir. 1983); Hoffman v. U.S., 244 F.2d 378, 379 (9th Cir. 1957); Darr v. Burford, 339 U.S. 200 (1950).

In Puckett v. Cox , it was held that a unrepresented litigant's complaint requires a less stringent reading than one drafted by a lawyer *(456* F2d 233 (1972 Sixth Circuit USCA said Justice Black in Conley v. Gibson . 355 U.S. 41 at 48(1957) "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." According to rule 8(f) F.R.C.P. all pleadings shall be construed to do substantial justice. The Court also cited Rule 8(f) F.R.C.P., which holds that all pleadings shall be construed to do substantial justice.'

It could also be argued that to dismiss an action in which a serious factual pattern or allegation of a cause of action has been made would itself be violative of procedural due process as it would deprive an unrepresented litigant of equal protection of the law visa vis a party who is represented by counsel. In a fair system, victory should go to a party who has the better case, not the better representation. Plaintiff clearly stated a claim upon which relief can be granted and in addition Plaintiff has standing to bring forth this action.

## PRELIMINARY STATEMENT

Plaintiff, Bryan W. Wilder (hereinafter "Wilder" or "Plaintiff"), hereby submits this Memorandum of Law in Opposition to Defendants' Motion to Dismiss for lack of subject matter jurisdiction and that the Complaint Fails to State a Claim Upon Which Relief May Be Granted. *Plaintiff is aware that this U.S. District court historically has not ruled in favor of a Pro Se litigant*, however Plaintiff hopes that this court will not breach its duty to protect Plaintiff and his posterity from fraud, imposition, avarice, and stealthy encroachment. See *Atkins et al. vs. U.S.* 556 F.2d 1028, pages 1072, 1074. As set forth in more detail below, Plaintiff brought this action against the defendants because the defendants continue to violate 15 U.S.C. 1635 and 12 C.F.R. § 226.23, the federal statutes governing defendants' actions, and pursuant to the established,

unquestioned, and unchallenged U.S. Supreme Court jurisprudence and its recent decision of Jesinoski v. Countrywide Home Loans, Inc. 574 U.S. ___ (2015). Because of these violations, and regardless of any ongoing State court proceedings, jurisdiction to hear this action is properly before this court.

Defendants' 12(b)(6) Motion to Dismiss is predicated on the argument that this Court has no subject matter jurisdiction over this lawsuit because allegedly the rescission is "time barred" and that allegedly precludes Plaintiff from enforcing the rescission, this is a simple attempt by defendants to bring to this court arguments disguised under "lack of subject matter jurisdiction" argument that should have been brought by defendants in a court of competent jurisdiction, however as a result of their inexcusable indefensible failure to act defendants waived their right to challenge the Notice of Rescission in its entirety by their failure to challenge the Notice of Rescission within twenty days.

As the Complaint stated, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

28 U.S.C. § 1331:

"The district courts **shall** have original jurisdiction of all civil actions arising under the Constitution, **laws**, or treaties of the United States." [bold emphases added]

The subject matter jurisdiction was conferred and invoked to this court by Plaintiff pursuant to 15 U.S.C. §1635 and 15 U.S.C. § 1640, federal statutes. This court has also original jurisdiction pursuant to 12 *CFR.* 226.23. Jurisdiction of this court for the pendent claims is also authorized under FED. R. Civ. P. 18(a).

Chief Justice Marshall's exposition in *Cohens v. Virginia,* 6 Wheat. 264 (1821), he wrote that a court "must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by,

because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it if it be brought before us. *We have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given.* The one or the other would be treason to the constitution." United States v. Will 449 U.S. 200 (1980).

## MEMORANDUM OF LAW IN SUPPORT

### I.    SUMMARY OF ARGUMENT

The entirely weak and unconvincing attempt made by defendants in their Motion to Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6) are trying to separate themselves from the intentional misrepresentations, omissions and conspiracy that took place on or about February 24, 2004 to present which they are part of.

Plaintiff instituted this action for *enforcement* of rescission. Plaintiff is entitled to relief of actual damages and equitable relief, statutory damages, and the costs of this action against all named Defendants for multiple violations of the Truth in Lending act, 15 U.S.C. § 1635 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226.23 and 12 C.F.R. § 1026.23(d)(2).

**The instant suit is to enforce the rescission and is NOT a suit to make the rescission effective by an order of this court.** The cancellation of the Note and Deed of Trust has already happened by operation of law. The Note and Deed of Trust are void as of the date of mailing of the notice of rescission contrary to defendants baseless arguments. The instant suit is to enforce the return of the Note marked cancelled, record reconveyance of Deed of Trust, return the original Deed of Trust and return all monies paid by Plaintiff.

The Defendants' Motion to Dismiss is predicated on the argument that this Court has no subject matter jurisdiction over this lawsuit because the Plaintiff's claims are time barred.

The Court's jurisdiction over this lawsuit arises from the very fact that defendants are ignoring federal law and in a brazen defiance of the very real and clear statutory and constitutional requirements set for in TILA and by the U.S. Supreme Court, defendants continue their acts of defiance in furtherance of their refusal to Return of the original Note marked cancelled, Return of the original Deed of Trust, File a Reconveyance of Deed of Trust in the county records and return all moneys paid by Plaintiff.

Further, the relief sought by Defendants has been characterized as "sweeping" and based once again upon unconnected non-logical and baseless series of arguments that appear to be based upon misrepresentations and omissions to the court and not on the facts and in total contradiction to Federal Rules of Evidence or the Complaint. The Defendants' gratuitous comments are well noted but erroneous in all regards. The relief sought by Plaintiff was set forth clearly in the Complaint.

Defendants have waived their rights and are barred from raising any issue regarding the Notice of Rescission. Defendants are attempting to raise waived issues that were supposed to be raised in a separate complaint to challenge the Notice of Rescission within 20 days of its receipt.

## UNDISPUTED ADJUDICATIVE FACTS

On February 24 2004, *in anticipation of a home loan* in the amount of $ $320,000.00, Plaintiff executed a promissory note and security agreement (Deed of Trust) on Plaintiff's personal dwelling, which makes the transaction a consumer credit transaction within the meaning of TILA, 15 U.S.C. §1602 and Regulation Z § 226.26. The Deed of Trust did NOT create a valid lien on the property located at 1317 Cedar Hill Avenue, Dallas, Texas.

The assignment dated January 30, 2013, form Mortgage Electronic Registration System, Inc., did NOT assign any Loan to JPMorgan Chase Bank, N.A. as being misrepresented by counsel and only attempts to assign the Deed of Trust.

A second Assignment of the Deed of Trust dated July 11, 2013, also allegedly assigns the Deed of Trust from JPMorgan Chase Bank, N.A. to defendant Caliber Home Loans, Inc. counsel's motion once again misrepresents the fact the second assignment does not assign any Loan.

Plaintiff denies any default, statements of counsel are hearsay, counsel has no firsthand knowledge of the facts and misrepresents documents not in evidence. Counsel is not competent witness. "Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient [**5] for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro*, 229 F. Supp. 647; 1964 U.S. Dist. LEXIS 7073.

*Trinsey* is an official ruling by the US District Court for the Eastern District of Pennsylvania and therefore this Court cannot consider statements made by the Plaintiff's counsel lacking firsthand knowledge. Pursuant to Federal Rules of Evidence, Rule 201, Plaintiff hereby requests this court to take mandatory *Judicial Notice* of the above findings which is intimately related to the case at bar.

Plaintiff did not file the instant action seeking to exercise the right to rescind, Plaintiff filed the instant action to enforce the rescission which occurred by operation of law.

## II.    ARGUMENTS AND AUTHORITIES

*Defendants' arguments on the motion are not only meritless but are barred because they are out of time and are clearly outside of the four corners of the complaint. However, Plaintiff will address only the jurisdictional points that allegedly Plaintiff's "Complaint is Time Barred".* Plaintiff's opposition does not specifically address the extraneous matters raised by the defendants because Plaintiff believes it would constitute a waiver and have the effect of allowing the Motion to be converted to a Summary [J]udgment motion. . . . In the event this Court believes it is appropriate to consider matters outside the Complaint and treat the motion as

one filed under Rule 56, Plaintiff now requests that the Court so notify the parties and give them a reasonable opportunity to take discovery, obtain affidavits, and otherwise prepare an appropriate answer.

### Standard on Rule 12(b)(6) Motion

The Federal Courts, when reviewing a Rule 12(b)(6) Motion, have consistently held that it must take all allegations pled in the Plaintiff's Complaint as true. All allegations of material fact in the Complaint are taken as true and construed in the light most favorable to the plaintiff." Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120 (9th Cir. 2007). **Jurisdiction of Federal court to entertain action as one arising under Constitution and laws of United States is not defeated by possibility that complaint may fail to state cause of action on which relief may be granted. Bell v Hood (1946) 327 US 678, 90 L Ed 939, 66 S Ct 773, 13 ALR2d 383.**

In Walter Process Equipment v. Food Machinery 382 U.S. 172 (1965) it was held that in a "motion to dismiss, the material allegations of the complaint are taken as admitted." From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Conley vs. Gibson , 355 U.S. 41(1957).

The Plaintiff has set forth a multitude of facts that are required to be taken as true and satisfy the dictates of Federal Rule 12(b)(6). Even in light of the Supreme Court's holding in Ashcroft v. Iqbal, 129 S.Ct. 1937,1951 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), this complaint, when viewed by the Court, with all factual assertions being taken as true, "plausibly suggest an entitlement to relief." Ashcroft, 129 S.Ct. at 1950.

Further, dismissal of a complaint is disfavored and should only be granted in extraordinary cases: "A court ruling on a motion to dismiss construes the complaint in the light most favorable

to the Plaintiff, taking all well-pleaded allegations as true and giving Plaintiff the benefit of all reasonable inferences." Figueroa v. Rivera , 147 F .3d,77, 80( 1st Cir. 1998).

Dismissal under Rule 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46(1957). The Motion to Dismiss should be denied in respect to any/all of the counts because the facts and causes of action have been pleaded with specificity and not as mere conclusions.

**"But where no trained advocate is present…" "…the court itself undertakes to assure the litigant that no meritorious case be lost because of a lack of legal skill. Briefs are scanned with unjaundiced eyes and technical compliance with the Rules of Court is not stringently enforced. The dominant theme is liberality. Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 94 L.Ed. 761." See Hoffman v. U.S., 244 F.2d 378, 379 (9th Cir. 1957).**

It is, of course, true that judging the sufficiency of a pleading is a context-dependent exercise. *See Iqbal,* 129 S.Ct. at 1950; *Twombly,* 550 U.S. at 567-68, 127 S.Ct. 1955; *Phillips,* 515 F.3d at 232. Some claims require more factual explication than others to state a plausible claim for relief. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 320 n. 18 (3d Cir.2010). For example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy. See A. Benjamin Spencer, Understanding Pleading Doctrine, 108 Mich. L.Rev. 1, 13-18 (2009). See West Penn Allegheny Health System, Inc. v. UPMC, --- F.3d ---- (2010)

The Court should NOT dismiss Plaintiff's Complaint, the court should deny the motion with prejudice, defendants waived their defenses and Plaintiff moves this court to strike their motion in its entirety as defendants acquiesced and failed to timely act within 20 days of receipt of the Notice of Rescission and waived any and all arguments pertaining to rescission by failing

to file a separate law suit challenging the Notice of Rescission within the time allowed by federal law.

*Thus, the right of defendants to challenge the Rescission is legally barred by operation of the 20 day Statute of Limitation inherent in TILA. Defendants are bound to the agreement with the Federal Reserve Board and Regulation Z that cancels the note and voids the security interest.*

Defendants waived their defenses and Plaintiff once again moves this court to strike their motion in its entirety with prejudice as defendants acquiesced and waived any and all arguments pertaining to rescission and are out of time to file such in this court.

**Standard under Rule 12 (b)(1)**

In the event the court decides to *sua sponte* raise an issue of jurisdiction under Rule 12(b)(1) the following is submitted.

A challenge to standing under Rule 12(b)(1) may take two forms: a facial challenge or a factual challenge. If a facial challenge is made, the trial court is restricted to a review of the allegations of the complaint and any documents referenced therein. Gould Electronics Inc. v. United States, 220 F.3d 169, 177 (3d Cir. 2000.)

Further, "the trial court must consider the allegations of the complaint as true." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the challenge before the trial court is a factual challenge, the court does not accord any presumption of truth to the allegations of Plaintiff's Complaint. Turicento, S.A. v. American Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002). In a factual challenge, the Plaintiff bears the burden of persuasion to show that subject-matter jurisdiction exists, and the court must weigh the evidence relating to jurisdiction. "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." Mortensen, 549 F.2d at 891. In

weighing the evidence regarding jurisdiction, the court has the "discretion to allow affidavits, documents, and even limited evidentiary hearings." Id. (citations omitted).

*The court cannot consider a challenge to subject-matter jurisdiction as a factual challenge until after an Answer has been filed to the Complaint.* See id., 549 F.2d 884, 891-92 (3d Cir. 1977) (stating that a "12(b)(1) factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed."); see also Lexington Ins. Co. v. Forrest, 263 F. Supp. 2d 986, 996 (E.D. Pa. 2003); Holland Constr., Inc. v. Kopko, Civil No. 2007-127, 2007 U.S. Dist. LEXIS 9142, *6 (D.V.I. Dec. 7, 2007). In this case, Defendants have not filed an Answer. *The court must proceed to analyze 12(b)(1) challenge if there is one as a facial challenge*, and therefore, may only consider the allegations of the complaint and any documents referenced therein. See Gould Electronics, 220 F.3d at 177 (citing Mortensen, 549 F.2d at 891). The facial attack offers a safeguard to the plaintiff similar to that of a Rule 12(b) (6) motion; the allegations of the complaint are taken as true. Cohen v. Kurtzman, 45 F.Supp.2d 423 (D.N.J. 1999) quoting *Mortensen,* 549 F.2d at 891; *Martinez,* 875 F. Supp. at 1070.

For the purposes of the 12(b)(1) determination only, the court must determine whether Plaintiff's complaint states a claim of bad faith upon which relief can be granted. In deciding a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff maybe entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

1   "Subject-matter jurisdiction properly comprehended, we emphasized, refers to a tribunal's

2   "power to hear a case," a matter that "can never be forfeited or waived."*Id.,* at 514, 126 S.Ct.

3   1235 (quoting *United States v. CWildern,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d

4   860(2002))" See Union Pac. R.R. v. Bhd. of Locomotive Eng'rs, 130 S. Ct. 584, 590 (2009),

5
    ***Unless Congress clearly specifies otherwise, a law is activated in federal court***
6
    ***whenever it is invoked, and the court must take jurisdiction even if the complaint misreads the***
7
    ***law.***
8
         To avoid dismissal, the complaint must set forth facts that raise a "plausible inference"
9
    that the defendant inflicted a legally cognizable harm upon the plaintiff. Ashcroft v. Iqbal, 129 S.
10
    Ct. 1937, 1952 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)
11

12       A court that lacks jurisdiction must forswear all its power over a controversy, even after it

13  has already ruled, whereas a claim that misreads the law or fails to satisfy its prerequisites

14  nonetheless comes under the court's power because it "arises under" a federal statute.[1]

15       As the Complaint states Plaintiff categorically denies receiving a loan from defendants, ***no***

16  ***evidence in any form was provided to this court or to Plaintiff to prove that a loan was given to***

17  ***Plaintiff or consummated.*** Furthermore, even if defendants somehow can prove that they

18  actually loaned Plaintiff money, that loan was cancelled by operation of law, when the notice of

19  rescission was dropped in the mail. See Jesinoski v. Countrywide Home Loans, Inc. 574 U.S.

20  ___ (2015).

21

22       "A borrower exercising his right to rescind under the Act need only provide
         written notice to his lender within the 3-year period, not file suit within that
23       period. Section 1635(a)'s unequivocal terms—a borrower "shall have the right to
         rescind ... *by notifying the creditor... of his intention to do so*" (emphasis
24       added)—**leave no doubt that rescission is effected when the borrower notifies**

25  _____

26  [1] See 28 U.S.C. § 1331 (2006) (granting federal courts jurisdiction for all civil disputes properly
    invoking a federal law).

**the creditor of his intention to rescind.**" Jesinoski v. Countrywide Home Loans, Inc. 574 U.S. ___ (2015). [bold emphases added]

On April 18, 2015, Plaintiff mailed the Notice of Rescission to defendants on the motion, as required to affect the requirements to rescind under TILA, ***this fact is undisputed***. It was received by defendants on April 21, 2015 and April 22, 2015. (See Exhibit A, Plaintiff's affidavit on support of its opposition.)

Defendants did not protest or contest this rescission notice as required under § 226.23(d)(2) therefore the alleged loan debt had been forfeited and forever released by Defendants and any others involved by their failure to challenge <u>within 20 days of tender of the rescission</u> of their obligations under 226.23(d)(2) by the end of the 20 day performance period for all defendants ending on ***5/14/2015***. Therefore, under the law there is no enforceable Note or Deed of Trust to be made by Defendants or any other parties involved, ***this fact is undisputed as well***.

In Jesinoski a unanimous (a rarity) United States Supreme Court stated:

"The Eighth Circuit's affirmance in the present case rested upon its holding in *Keiran* v. *Home Capital, Inc.*, 720 F. 3d 721, 727–728 (2013) that, unless a borrower has filed a suit for rescission within three years of the transaction's consummation, §1635(f) extinguishes the right to rescind and bars relief. That was error. Section 1635(a) explains in unequivocal terms how the right to rescind is to be exercised: It provides that a borrower "shall have the right to rescind . . . *by notifying the creditor, in accordance with regulations of the Board, of his intention to do so*" (emphasis added). **The language leaves no doubt that rescission is effected when the borrower notifies the creditor of his <u>intention to rescind.</u>** It follows that, so long as the borrower notifies within three years **after** the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years."[bold emphases added]

Pursuant to 12 C.F.R. § 226.23 –

**(2)** To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. **Notice is considered given when mailed**, when filed for telegraphic transmission or, if

sent by other means, when delivered to the creditor's designated place of business. [emphases added]

There is no other interpretation of "effective" because the Supreme Court under the annoyed pen of Justice Scalia has said there is nothing to interpret. When the rescission was mailed it was effective *by operation of law*.

Notwithstanding that Plaintiff has full right to rescind the transaction and recall his loan documents back, Plaintiff does not have to be right, even though Plaintiff is right to send it. THAT issue is left to the *true* creditors to allege in a lawsuit to vacate the rescission. **And they must do so within 20 days.**

The laws, rules and procedures for the TILA rescission could not be clearer --- as the opinion written by Justice Scalia stated with dripping sarcasm. BUT some Judges and many lawyers believe that the statute was framed incorrectly and that Congress never anticipated the problems that we face today with these wild, convoluted claims of securitization. So they are basically taking the faith-based legal approach instead of the "nation of laws" approach provided in the Constitution. They are saying the US Supreme Court is wrong or didn't mean what it said, just as they said before when hundreds of thousands of decisions came down requiring a lawsuit claiming fraud, and tender to property or money to even have standing to enforce rescission. The assumption, even by fervent advocates of the rights of homeowners, was that it just wasn't possible that Congress meant to give homeowners that much power to cancel a loan contract, note and mortgage. They are wrong including these defendants. That is exactly what Congress wanted to do. Plaintiff hopes that the judge assigned to this case will have ample fortitude to rule according to law and will not take the known approach exercised by most courts "we cannot have pro se win in our court".

"**Supreme Court precedent is not like the ash on a cigarette, to be flicked off whenever convenient.**" <u>Ash v. Tyson Foods, Inc.</u>, 2011 WL 6270741 (11th Cir. Dec. 16, 2011) (bold emphasis added)

*Defendants' arguments on the motion are barred not only because they are out of time but are clearly outside of the four corners of the complaint.* Plaintiff's opposition does not specifically address the extraneous matters raised by the defendants because Plaintiff believe it would constitute a waiver and have the effect of allowing the Motion to be converted to a Summary [J]udgment motion. . . . In the event this Court believes it is appropriate to consider matters outside the Complaint and treat the motion as one filed under Rule 56, Plaintiff now requests that the Court so notify the parties and give Plaintiff a reasonable opportunity to take discovery, obtain affidavits, and otherwise prepare an appropriate opposition.

*Defendants' arguments on the motion are barred not only because they are out of time but are clearly outside of the four corners of the complaint.* Plaintiff's opposition does not specifically address the extraneous matters raised by the defendants because Plaintiff believe it would constitute a waiver and have the effect of allowing the Motion to be converted to a Summary [J]udgment motion. . . . In the event this Court believes it is appropriate to consider matters outside the Complaint and treat the motion as one filed under Rule 56, Plaintiff now requests that the Court so notify the parties and give them a reasonable opportunity to take discovery, obtain affidavits, and otherwise prepare an appropriate answer.

**<u>The Instant Complaint</u>**

Plaintiff instituted this action to enforce the rescission and NOT to make the rescission effective by decision of this court. The cancellation of the Note and Deed of Trust has already happened by operation of law. The Note and Deed of Trust are void as of the date of mailing of the Notice of Rescission. See Jesinoski v. Countrywide *supra*. In addition, the action is for actual

damages and equitable relief, statutory damages, and the costs of this action against all named

Defendants for multiple violations of the Truth in Lending act, 15 U.S.C. § 1635 et seq.,

(hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226.23.

**SECTION 226.23 Right of Rescission**

> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor
> shall return any money or property that has been given to anyone in connection
> with the transaction and shall take any action necessary to reflect the termination
> of the security interest.

Defendants did not protest or contest this rescission notice as required under §

226.23(d)(2) therefore. the loan debt had been forfeited and forever released by Defendants and

any others involved by their failure to challenge <u>within 20 days of tender of the rescission</u> of

their obligations under 226.23(d)(2) by the end of the 20 day performance period ending on

5/21/2015. Therefore, under the law there is no enforceable Note or Deed of Trust to be made by

Defendants or any other parties involved.

**The court must exercise subject-matter jurisdiction and defendants' motion to dismiss should be denied in its entirety with prejudice.**

A. **Plaintiff's DOES NOT HAVE a Claim to effect a Rescission under 15 U.S.C. § 1635, Plaintiff has a Claim for Enforcement of Rescission that was effected under 15 U.S.C. § 1635 and it is <u>NOT</u> Time-Barred.**

***Defendants' arguments on the motion are barred not only because they are out of time but are clearly outside of the four corners of the complaint.*** Plaintiff's opposition does not

specifically address the extraneous matters raised by the defendants because Plaintiff believe it

would constitute a waiver and have the effect of allowing the Motion to be converted to a

Summary [J]udgment motion. . . . In the event this Court believes it is appropriate to consider

matters outside the Complaint and treat the motion as one filed under Rule 56, Plaintiff now

requests that the Court so notify the parties and give them a reasonable opportunity to take discovery, obtain affidavits, and otherwise prepare an appropriate answer.

On April 18, 2015, Plaintiff mailed the Notice of Rescission to defendants as required to effect the requirements to rescind under TILA. *This fact is undisputed*. The Notice is attached to the complaint as Exhibit C and incorporated hereto by reference. Defendants received the Notice of Rescission on from April 21, 2015 and April 22, 2015. *This fact is undisputed also.*

Plaintiff does NOT seek to rescind the loan due to the TILA violations, Plaintiff has rescinded the loan due to the fact that the loan was never consummated and the violations are violations that defendants continue to perpetrate now by failing to return the Note and the Deed of Trust and all moneys paid by Plaintiff.

**The violation that leads to 15 U.S. Code § 1640(e) - Civil liability is based on the noncompliance with TILA requirements that occurred 20 days after April 22, 2015, the date defendants received the Notice of Rescission and thus the complaint is within one year statute of limitation as to 1640(e) damages.**

In addition, the statute of limitation as to 15 U.S.C. §1635 is three years from the date the transaction was "*consummated*". The instant transaction was never consummated. Defendants failed to provide any admissible evidence that the instant transaction was consummated. The statute of limitations on TILA claims runs from "the date of consummation of the transaction." See Jesinoski v Countrywide Home Loans, Inc. 574 U.S. ___ (2015)

Furthermore, defendants argue that pursuant to Beach v. Ocwen Federal Bank, 523 U.S. 410,412 (1998) "the right to rescind is "completely extinguished" at the end of the 3 year period and this Court no longer has jurisdiction to hear Plaintiffs claim."

However, it is still is trumped by Jesinowski and other Federal decisions on equitable tolling. Having the right to cancel/rescind is described as extinguished by TILA regardless of the circumstances --- including the absence of any enforceable loan contract.

This (1998) decision was rendered far before the idea of securitization was introduced into mortgage litigation. The interpretation of the extinguishment of the underlying right made sense in the context of loans from Bank A to Borrower B.

In the era of securitization you have all kinds of questions --- like when the transaction was "consummated". The courts say it is when the "liability" arose. Plaintiff is saying that the consummation of the transaction begins when the lender loans money to the Plaintiff.

The presumption is that TILA rescission rights run from the date the liability arose from the Borrower to the Lender. If the Lender was not properly disclosed, then one of two things are true: (1) there is no loan contract which means a nullification (2) until the real lender was disclosed, the transaction was not consummated. That means that both the three day rescission and the three year rescission are in play. **While this court might find the argument from the defendants appealing, history shows that the US Supreme Court is just as likely to effectively reverse thousands of decisions based upon the <u>wrong premise</u> that rules and doctrines for common law rescission can be applied to TILA rescission.**

The express wording of the TILA rescission as affirmed by a unanimous Supreme court in Jesinowski is that the rescission is effective by operation of law when it is dropped in the mailbox --- ***<u>and that there is nothing else required by the Plaintiff</u>***. If the "lender" wants to challenge that rescission it must do so before the 20 day deadline for compliance --- return of canceled Note, reconveyance of Deed of Trust and disgorgement of all money paid by Plaintiff. This makes it very clear that stonewalling or bringing up defenses later when the Plaintiff seeks to enforce the rescission is not permissible.

*Thus the expected argument by defendants is that the rescission is void ab initio because of the three year statute of limitations or other reasons espoused in their motion all but affirmative defenses, which is to say they are pleas for affirmative relief in a formal pleading with a court of competent jurisdiction.*

This court does not have any discretion to find that the rescission was void ab initio if more than 20 days has expired after the notice of cancellation or rescission was made. Thus procedurally, the express wording of TILA and Jesinowski totally bars the defendants from raising any defenses to the effectiveness of the rescission after 20 days from the date of the Notice of Rescission. To interpret it any other way is to overrule Justice Scalia in Jesinowski.

Paragraph Ten of defendants' motion makes bare and unsupported allegations that were waived and presumes that the loan was consummated. The quoting of an irrelevant case(s) is a tactic used by the counsel to misdirect attention of the court from the facts. As the Plaintiff's clearly states the transaction has never been consummated.

**B. Plaintiff's Claim for Enforcement of Rescission under 15 U.S.C. § 1638(a)(1) Is <u>NOT</u> Time-Barred.**

*Defendants' arguments on the motion are barred not only because they are out of time but are clearly outside of the four corners of the complaint.* Plaintiff's opposition does not specifically address the extraneous matters raised by the defendants because Plaintiff believe it would constitute a waiver and have the effect of allowing the Motion to be converted to a Summary [J]udgment motion. . . . In the event this Court believes it is appropriate to consider matters outside the Complaint and treat the motion as one filed under Rule 56, Plaintiff now requests that the Court so notify the parties and give them a reasonable opportunity to take discovery, obtain affidavits, and otherwise prepare an appropriate answer.

**15 U.S.C. § 1638(a)(1) - Transactions other than under an open end credit plan**

**(a)Required disclosures by creditor.** For each consumer credit transaction other than under an open end credit plan, the creditor shall disclose each of the following items, to the extent applicable:

**(1)**The identity of the creditor required to make disclosure.

On April 18, 2015, Plaintiff mailed the Notice of Rescission to defendants as required to effect the requirements to rescind under TILA. **It was not a request**, it was a Notice, which, by operation of law rescinded the transaction and recalled back loan documents the moment it was dropped in the mail.

Interestingly, in their motion defendants do not deny that "The identity of the creditor" was not revealed to Plaintiff and fail to address how the transaction was consummated and when and by what means the alleged "lender" or "creditor" extended *its own* credit or lent *its own money* that it was authorized to lend form **its own bank account.**

The only waived argument defendants bring to table is that of three year limitation period. The date of consummation would be only when the loan *was funded* by the lender an entity claiming such capacity in the Note and the Deed of Trust.

The first year of law school teaches that the liability of the "borrower" does not commence when he signs paperwork, the liability arises when the borrower gets the money from the lender an entity claiming such capacity in the Note and the Deed of Trust.

Defendants fail to show any evidence that defendants actually funded the loan; defendants fail to submit any evidence that Plaintiff received any loan proceeds *directly from Defendants* effecting the actual funding of the loan.

Absent the actual proof of the funding of the loan by the Defendants and the fact that the Plaintiff's complaint and all allegations in the complaint including the fact that Defendants never funded the loan and as a result the transaction was never consummated, must be taken as true.

Furthermore, the argument should have been brought by defendants in a separate action

to contest the rescission by filing, as required within 20 days of receipt of the notice, judicially new lawsuit challenging the content of the Notice of Rescission. Defendants are barred from bringing any issue to the table that should have been brought forth during the 20 days window. Defendants waived their defenses and Plaintiff moves this court to deny and or strike their motion in its entirety as defendants acquiesced and waived any and all arguments pertaining to rescission. Plaintiff has a continuing right to rescind the transaction until and up to three years *__after consummation__* of the transaction, pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

   Defendants' the false representations and failure to consummate the transaction does not set the three year TILA rescission clock in motion.

   This court is requested to take Judicial Notice of the fraud upon the court and/or intentional misrepresentations perpetrated by defendants in continuous violation of 15 U.S.C. §1611 and   15 U.S.C. §1640.

   Plaintiff's TILA Claim <u>DOES NOT</u> Fail To State A Claim For Relief.

   15 U.S.C. § 1635(a) explains in unequivocal terms how the right to rescind is to be exercised: It provides that a borrower 'shall have the right to rescind ... by notifying the creditor, in accordance with regulations of the Board, of his intention to do so'. The language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. The statute does not also require him to sue within three years. It adds: *"It is also true that the Act __disclaims__ the common-law condition precedent to rescission at law that the borrower tender the proceeds received under the transaction.*

Pursuant to 12 C.F.R. § 226.23 –

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. **Notice is considered given when mailed**, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business. [emphases added]

According to TILA, Reg. Z and the U.S. Supreme Court Jesinoski v Countrywide Home Loans, Inc. 574 U.S. ___ (2015) decision the rescission IS effective by operation of law the moment it is put in US Mail.

"Section 1635(a)'s unequivocal terms—a borrower "shall have the right to rescind . . . by notifying the creditor . . . of his intention to do so" (emphasis added)— leave no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind." Jesinoski v Countrywide Home Loans, Inc. 574 U.S. ___ (2015)

Defendants are bound to 15 U.S.C. §1635 and 12 C.F.R. § 226.23 that cancels the note and voids the security instrument-Deed of Trust recorded in the Official Records of Dallas County, Texas on March 9, 2004, in Book 2004046, Page 02515.

The cancellation of the note and Deed of Trust has already happened by operation of law on April 18, 2015. The rescission is effective, the note and Deed of Trust are void as of the date of mailing of the notice of rescission. The instant suit is to enforce the return of the note marked cancelled, reconveyance of the Deed of Trust and return of all monies paid.

In his complaint Plaintiff demands the Note be returned marked: "Cancelled" thereby, effectuating the Nullification and Voiding of Note and reconveyance of Deed of Trust entered in the Dallas County Records as such, with effective date – *of 04/18/2015*.

Plaintiff has full right to rescind the transaction and recall his loan documents back, Plaintiff do not have to be right to send it. THAT issue is left to the true creditors to allege in a lawsuit to vacate the rescission. And they must do so within 20 days.

The issue of Plaintiff's Right to rescind the alleged loan and its cancellation as alleged herein, under 12 C.F.R. 226.23(h) has been settled by operation of law and a January, 2015 U.S. Supreme Court case, referenced herein.

During the 20 days, the duties of the "lender" or "creditor" are clear: (1) return the canceled note (2) file a reconveyance of Deed of Trust and (3) return all money paid by borrower. If the creditor fails to do that they have violated the statute.

Defendant(s) and their successors and assigns violate the statute, and fail to (1) return the canceled note (2) file reconveyance of Deed of Trust and (3) return all money paid by borrower within the 20 days allowed for performing the duties under TILA.

*Defendants' arguments on the motion are not only meritless but are barred because they are out of time and are clearly outside of the four corners of the complaint.*

**C. Plaintiff's Does NOT Have a Claim for Rescission under 12 C.F.R. § 226.23, Plaintiff has a Claim for Enforcement of rescission and it is <u>NOT</u> Time-Barred.**

***Defendants' arguments on the motion are barred not only because they are out of time but are clearly outside of the four corners of the complaint.*** Plaintiff's opposition does not specifically address the extraneous matters raised by the defendants because Plaintiff believes it would constitute a waiver and have the effect of allowing the Motion to be converted to a Summary [J]udgment motion. . . . In the event this Court believes it is appropriate to consider matters outside the Complaint and treat the motion as one filed under Rule 56, Plaintiff now requests that the Court so notify the parties and give them a reasonable opportunity to take discovery, obtain affidavits, and otherwise prepare an appropriate answer.

12 C.F.R. § 226.23 –

**(2)** To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. **Notice is considered given when mailed**, when filed for telegraphic transmission or, if

sent by other means, when delivered to the creditor's designated place of business. [emphases added]

There is no other interpretation of "effective" because the Supreme Court has said there is nothing to interpret. When the rescission was mailed it was effective BY OPERATION OF LAW.

Notwithstanding that Plaintiff had full right to rescind the transaction and recall Plaintiff's loan documents back, **Plaintiff does not have to be right**, even though Plaintiff is right to send it. THAT issue is left to the true creditors, if any, to allege in a separate lawsuit to vacate the rescission. **And they must do so within 20 days of receipt of the Notice.**

During the 20 days, the duties of the "lender" or "creditor" are clear: (1) return the canceled note (2) file a reconveyance of Deed of Trust and (3) return all money paid by Plaintiff. **If the creditor fails to do that they have violated the statute.**

If Defendants take issue with whether the rescission should be effective this way, they had to file a lawsuit within the 20 days allowed for performing the duties under TILA (see above). If they want to say anything regarding the notice, they must do it in a lawsuit filed within the 20 days. Otherwise the window closes and in this case it did close. **Defendants are barred to challenge the notice and its content.**

Defendants in this action individually or jointly and severally through their non-performance of C.F.R. 226.23(d)(2) within the 20 day performance period following tender of the Rescission as provided in 12 C.F.R. 226.23(d)(2) have as a matter of law waived any defense or claims which effects the Notice of Rescission and its effective recall of the loan documents.

Thus, the right of Defendants to challenge the Rescission is legally barred by operation of the statute of Limitation inherent in TILA which in pertinent part states:

*12 CFR 226. 23(d){2)*

Within 20 calendar days after receipt of a notice of rescission, the ***creditor*** **shall return any money or property that has been given to anyone in connection with the transaction** and shall take any action necessary to reflect the termination of the security interest. [emphases added]

United States Supreme Court in Jesinoski was very specific echoing TILA and 12 CFR 226. 23(d){2}.

"It is also true that the Act disclaims the common-law condition precedent to rescission at law that the borrower tender the proceeds received under the transaction. 15 U. S. C. §1635(b). But the negation of rescission-at-law's tender requirement hardly implies that the Act codifies rescission in equity. Nothing in our jurisprudence, and no tool of statutory interpretation, requires that a congressional Act must be construed as implementing its closest common-law analogue. Cf. *Astoria Fed. Sav. & Loan Assn.* v. *Solimino*, 501 U. S. 104 –109 (1991). The clear import of §1635(a) is that **a borrower need only provide written notice to a lender in order to exercise his right to rescind.** To the extent §1635(b) alters the traditional process for unwinding such a unilaterally rescinded transaction, this is simply a case in which statutory law modifies common-law practice." Jesinoski v. Countrywide Home Loans, Inc. 574 U.S. ___ (2015). [Bold emphases added]

The return of the original Note in the amount of $320,000.00 has NOT been effected by any defendant to date and the sums remain unpaid, nor has it been effected by any self alleged creditor.

The reconveyance of Deed of Trust has NOT been effected by any defendant to date nor has it been effected by any self alleged creditor. Defendants are bound to the agreement with the Federal Reserve Board and Regulation Z that cancels the note and voids the security interest.

**D. Plaintiff's Claim That the Transaction Was Never Consummated <u>Is Valid</u>.**

Black's Law Dictionary 6th edition on page 317 defines Consummate as follows:

"To finish by completing what was intended; bring or carry to utmost point or degree; carry or bring to completion; finish; perfect; fulfill; achieve."

Same dictionary on the next page defines Consummation:

1    "The completion of a thing;…"

2    15 U.S.C. § 1635(a). Reg. Z defines consummation as "the time that a consumer becomes

3    contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). Under the Official

4    Staff interpretation, *state law determines when a borrower is contractually obliged*. 12 C.F.R.

5    Pt. 226, Supp. 1 (Official Staff Interpretations), cmt. 2(a)(13).

6
     Defendants argue that because Plaintiff signed the documents on February 24, 2004, the
7
     act of signature consummates the transaction, *nothing could be further from the truth and the*
8
     *law.* "But providing someone a document long enough to sign it does not comply with 12 C.F.R.
9
     § 226.23(b)(1)" Balderas v. Countrywide Bank N.A., 664 F.3d 787 (9th Cir. 2011).
10

11   "Under the law of California, as in most jurisdictions, no loan contract is formed if an

12   essential element is missing. *Jackson v. Grant,* 890 F.2d 118, 120 (9th Cir. 1989). Grimes v.

13   New Century Mortg. Corp., 340 F.3d 1007 (9th Cir. 2003) Here, the Plaintiff believed that he

14   had entered into a contract with a "lender" – the Defendant as a counterparty to the contract, yet

15   contrary to the facts the so called "lender" is not an actual lender of the Plaintiff's loan.

16   The court must be focused on the moment at which Reg. Z states that consummation

17   occurred. But under Reg. Z consummation cannot occur until the borrower becomes

18   "contractually obligated," and under state law, the borrower is not contractually obligated before

19   a contract between the two parties is formed. Reg. Z does not purport to substitute

20   "consummation" for "formation of a contract."" Grimes v. New Century Mortg. Corp., 340 F.3d

21   1007 (9th Cir. 2003).
22

23   Under Regulation Z, consummation "means the time that a consumer becomes

24   contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). When a consumer

25   "becomes contractually obligated" is, in turn, determined by looking to state law;

26

*State law governs.* When a contractual obligation on the consumer's part is created is a matter to be determined under applicable law; Regulation Z does not make this determination. A contractual commitment agreement, for example, that under applicable law binds the consumer to the credit terms would be consummation. Consummation, however, does not occur merely because the consumer has made some financial investment in the transaction . . . unless, of course, applicable law holds otherwise. 12 C.F.R. Pt. 226, Supp. 1 (Official Staff Interpretations), Commentary 2(a)(13).

Every contract must have six elements in order to be legally binding. If any one of the elements is missing, then there is no legally binding contract:

1. Offer by person qualified to make the contract.

2. Acceptance by a party qualified to make and accept the contract.

3. Agreements, full disclosure, and complete understanding by both parties.

4. *Consideration given.*

5. Every contract must have the element of time to make it lawful.

6. All parties must be of lawful age, usually 21 years old.

It is a maxim of contract law that a contract is not enforceable, lacking equal consideration inuring to both parties of the agreement. Consideration is an essential element of any valid contract. See Smith v. Renz, 840 S.W. 2d 701, 704 (Tex.App.-Corpus Christi 1992, writ denied).

If an essential element of the contract is reserved for the future agreement of both parties, there is generally no legal obligation created until such an agreement is entered into. *Transamerica Equip. Leasing Corp. v. Union Bank,* 426 F.2d 273, 274 (9th Cir. 1970); *Ablett v. Clauson,* 43 Cal.2d 280, 272 P.2d 753, 756 (1954); 1 Witkin *Summary of California Law,*

Contracts§§ 142, 156 (9th ed. 1987). It is essential not only that the parties to the contract *exist,* but that it is possible to identify them. Cal.Civ. Code § 1558. *See San Francisco Hotel Co. v. Baior,* 189 Cal.App.2d 206, 11 Cal.Rptr. 32, 36 (1961) (names of seller and buyer are essential factors in considering whether contract is sufficiently certain to be specifically enforced).

Some courts have found that a consumer's right of action attaches under the TILA despite the failure to consummate a mutually binding contract. *See, e.g., Bryson v. Bank of New York,* 584 F. Supp. 1306, 1317 (S.D.N.Y. 1984) (TILA attaches when consumer committed "without regard for the degree of commitment of the lender")

When Plaintiff applied for a loan, Plaintiff was under the mistaken belief that the defendants would be loaning depositor's money, which it received from its depositors or investors. Plaintiff since have found by researching relevant case law on the matter and reading *Modern Money Mechanics*, published by the Federal Reserve Bank of Chicago, that defendants created the money by using my promise to pay. It generated computer entries to my account, listing the loan as a credit, in effect, creating money out of thin air.

In the instant transaction with defendants and or their successors and assigns did any officer or employee notify me that defendants created money by a journal entry (out of thin air). The alleged loan transaction relating to Plaintiff lacked two necessary elements of a valid contract. The court should be aware of the following: United States Code, Title 32, Section 24, Paragraph 7 confers upon a bank the power to lend its money, not its credit. In *First National Bank of Tallapoosa v Monroe*, 135 Ga.614; 69 S.E. 1123 (1911), the court stated:

> "(T)he provisions referred to do not give power to a national bank to guarantee the payment of the obligations of others solely for their benefit, nor is such power incidental of the business of banking. A bank can lend its money but not its credit."

Again in: *Howard & Foster Co. v Citizens National Bank of Union*, 133 S.C. 202; 130

SE 758, (1927) "It has been settled beyond controversy that a national bank, under federal law, being limited in its power and capacity, cannot lend its credit by guaranteeing the debt of another. All such contracts being entered into by its officers are ultra vires and not binding upon the corporation." See also *Merchants Bank of Valdosta v Baird*, 160 F 642; 17 Lns 526 (1876).

Defendant(s) did not notify me that it created money by journal entry (out of thin air), defined as "bank credit." To do so would have disclosed that there was no consideration from defendants to me.

"A lawful consideration must exist and be tendered, to support the note." See *Anheuser Busch Brewing Co. v Emma Mason*, 44 Minn. 318, 46 NW 558 (1890). A contract that lacks consideration lacks mutuality of obligation and is unenforceable. Fed. Sign v. Tex. So. Univ., 951 S.W. 2d 401, 409 (Tex. 1997); Belew v. Rector, 202 S.W.3d 849, 854 n.4 (Tex.App.–Eastland 2006, no pet.).

*If there is no full disclosure and no consideration, there is no contract.*

### E. Plaintiff Has **NOT** Failed to State a Claim for Violation of 15 U.S.C. § 1611.

*Plaintiff will address the instant out of lettering sequence of the instant allegation in proper sequence.*

**15 U.S.C. § 1611** Criminal liability for willful and knowing violation

Whoever willfully and knowingly

**(1)** gives false or inaccurate information or fails to provide information which he is required to disclose under the provisions of this subchapter or any regulation issued thereunder,
**(2)** uses any chart or table authorized by the Bureau under section 1606 of this title in such a manner as to consistently understate the annual percentage rate determined under section 1606(a)(1)(A) of this title, or

**(3)** otherwise fails to comply with any requirement imposed under this subchapter, shall be fined not more than $5,000 or imprisoned not more than one year, or both.
(Pub. L. 90–321, title I, § 112, May 29, 1968, 82 Stat. 151; Pub. L. 111–203, title X, § 1100A(2), July 21, 2010, 124 Stat. 2107.)

Under the Truth in Lending Act failure to satisfy the Act subjects a lender or their agent to criminal penalties for noncompliance, see 15 U.S.C. §1611. Plaintiff has a private right of action under 15 U.S.C. §1611 and Section 1640(e) provides that an action for such damages "may be brought" within one year after a violation of the Act, but that a borrower may assert the right to damages "as a matter of defense by recoupment or set-off " in a collection action brought by the lender even after the one year is up.

TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit" through the "meaningful disclosure of credit terms," thereby enabling consumers to become informed about the cost of credit. 15 U.S.C. § 1601(a). Besides imposing criminal liability, TILA creates a private cause of action for actual and statutory damages for certain disclosure violations. 15 U.S.C. § § 1611 (criminal liability), 1640(a) (civil liability).

Congress amended TILA's statutory damages provision in 1974 in order to "strike an appropriate balance between the advantages of the class action as a vehicle of private enforcement and the need of creditors to avoid financial ruin." Turner v. Beneficial Corporation, Beneficial National Bank, U.S.A. 236 F.3d 643 (11th Cir. 2000) quoting Barber v. Kimbrell's, Inc., 577 F.2d 216, 223 (4th Cir. 1978).

Furthermore, the instant argument should have been brought by defendants in a separate action to contest the rescission by filing, as required within 20 days of receipt of the notice, judicially new lawsuit challenging the content of the Notice of Rescission. **Defendants are barred from bringing any issue to the table that should have been brought forth during the**

**20 days window**. Defendants waived their defenses and Plaintiff moves this court to strike their motion and this section in its entirety as defendant acquiesced and waived any and all arguments pertaining to rescission.

### F. Plaintiff's Does Not Have a Claim for Rescission under 12 C.F.R. § 1026.23(d)(2) Plaintiff Has an Enforcement Claim under 12 C.F.R. § l026.23(d)(2) and It Is <u>NOT</u> Time-Barred.

**12 C.F.R. § 1026.23(d)(2) Right of rescission.**

(d) *Effects of rescission.*

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

Plaintiff's restitution claim is entirely based on a valid claim for rescission under TILA. The rescission claim is based on the fact that a timely notice of rescission on a transaction that was ***never consummated*** was sent pursuant to TILA. On the other hand Defendant's counsel have arrived at the mistaken conclusion that they may reinterpret the TILA rescission anyway they want and that the rules of common law rescission will apply. The Supreme Court in the Jesinoski decision has already ruled and there is no higher place to go. The ruling from the US Supreme Court was unanimous which in our highly polarized world is as unusual as the TILA rescission remedy which they affirmed.

Defendant failed to file a lawsuit seeking to vacate the rescission, which IS effective by operation of law, the moment it was dropped it in the mailbox.   There   are   three   TILA RESCISSION duties that arise for defendants and one remedy to get out of it. The three duties are (**a**) return of canceled note (**b**) filing any papers necessary to remove the mortgage encumbrance i.e. reconveyance of the deed of trust from the Plaintiff's chain of title and (**c**)

return of all money ever paid by the Plaintiff or to anyone in relation to the loan whether it be for fees, interest, principal or other compensation.

If defendant wanted to stop these duties from being applied against any of the people in the chain that made allegations of ownership, balance, servicing or default, they had to file suit, as a creditor, within 20 days from the date of the notice and get an order within that time that vacates the rescission, *which was effected by operation of law.*

The creditor has 20 days in which to comply. If they don't comply (or sue and get a court order) there are the following consequences: (a) they are in violation of statute, subject to an enforcement suit on their duties under rescission (b) they have waived any objection to the rescission that should have been brought as their own lawsuit within the 20 days.

The argument should have been brought by defendants in a separate action to contest the rescission by filing, as required within 20 days of receipt of the notice, judicially new lawsuit challenging the content of the Notice of Rescission. **Defendants are barred from bringing any issue to the table that should have been brought forth during the 20 days window.** Defendants waived their defenses and Plaintiff moves this court to strike the motion in its entirety as Defendants acquiesced and waived any and all arguments pertaining to Plaintiff's rescission.

The loan is cancelled by the mailing of the notice of rescission. TILA Rescission is a specific statutory scheme that is different from common law rescission. What counsel failed to perceive by trying to mess around with the "interpretation" or intentional misinterpretation of a perfectly clear statute is that if their approach was upheld, the entire system of nonjudicial foreclosure would be subject to the same reinterpretation.

Regulation Z Section 1026.23, Plaintiff's unconditional right of Rescission after initiation of foreclosure, from that analysis is that the date on which the documents (Note and Deed of Trust)

were signed is not the date of consummation. The date of consummation would be when the loan was funded by the Defendant. The liability of the borrower does not commence when he signs paperwork; the liability arises when the borrower gets the money. If the funding didn't come from the party claiming to have rights to enforce the loan by virtue of what was written on the note or trust deed, then the court must go back to nothing plus nothing equals nothing. *No loan plus void assignment of loan equals no successor, no servicer and no owner of the loan.*

Plaintiff Clearly Stated Facts and Law Sufficient to Establish a Reasonable Inference of Liability Against defendants.

The Complaint's factual allegations regarding defendants are entirely supported by factual allegations supported by documentary evidence that are <u>not</u> conclusory in nature. Defendants voluntarily, knowingly, intentionally and inherently wrongfully willfully continue thumbing their nose at the United States Supreme Court.

> "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal 556 at 555.

Congress amended TILA in 1974 to permit private litigants, both as individuals and in class actions, to sue for actual damages sustained "as a result" of the TILA violation. 15 U.S.C. 1640(a)(1 ). While statutory and regulatory damages provide at least a partial remedy for all material TILA violations, actual damages insure that consumers who have suffered actual harm due to a lender's faulty disclosures can be fully compensated, even if the total amount of their harm exceeds the statutory ceiling on TILA damages.

Besides imposing criminal liability, TILA creates a private cause of action for actual and statutory damages for certain disclosure violations. 15 U.S.C. § § 1611 (criminal liability), 1640(a) (civil liability).

1640(a)

(a) Individual or class action for damages; amount of award; factors determining amount of award.

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--

(1) any actual damage sustained by such person as a result of the failure;

(2)(A) (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000, (iii) in the case of an individual action relating to an open end consumer credit plan that is not secured by real property or a dwelling, twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures; or (iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000;

Defendants are barred from bringing any issue to the table that should have been brought forth during the 20 days window.

## **CONCLUSION**

The Federal Court, when reviewing a Rule 12(b)(6) Motion must take all allegations pled in the Plaintiff's Complaint as true. Plaintiff chose Federal court forum in which to litigate its

carefully labeled causes of action underscored proposition that it was asserting claims that fall under Federal jurisdiction.

The Founding Fathers eloquently stated:

"...We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness......"

Defendants and/or their agents are part and parcel of the events described in the Plaintiff's Complaint and the instant opposition.

Therefore, Plaintiff respectfully requests that the court deny the motion to dismiss in its entirety AND **moves** this court to strike the motion in its entirety as Defendant acquiesced and waived any and all arguments pertaining to Plaintiff's Enforcement of Rescission.

Respectfully submitted by:

_____

Bryan W. Wilder
1317 Cedar Hill Avenue
Dallas, Texas 75208
Tel. 214-505-6938
bryan@fruitsource.net

Dated: February 16, 2016

1  Bryan W. Wilder
   1317 Cedar Hill Avenue
2  Dallas, Texas 75208
   Tel. 214-505-6938
3  bryan@fruitsource.net

4  **UNITED STATES DISTRICT COURT**
   **FOR THE NORTHERN DISTRICT OF TEXAS**
5

6
                                              **CASE NO.: 3:15-cv-04013-N-BF**
7  Bryan W. Wilder                        )
                                          )
8           Plaintiff,                    )
        v.                                )
9                                         )
   Ogden Ragland Mortgage;                )
10 Mortgage Electronic Registration Systems, Inc.; )
   JPMorgan Chase Bank, N.A.;             )
11 Caliber Home Loans, Inc.;              )
   Federal Home Loan Mortgage Corporation )    **CERTIFICATE OF SERVICE**
12 /a/k/a Freddie Mac;                    )
   Connie J. Vandergriff;                 )
13                                        )
14 DOES 1-100                             )
            Defendants                    )
15

16

17        I hereby certify that on the 16th day of February, 2016, I have caused to be mailed via
   Regular Mail by United States Postal Service the foregoing Opposition to Motion to Dismiss and
18 Motion to Strike Motion to Dismiss to the following participants at the address listed below:

19                          J. Allen Smith
                              SETTLEPOU
20                  3333 Lee Parkway, Eighth Floor
                        Dallas, Texas 75219
21

22                          _Bryan W. Wilder_
                            Bryan W. Wilder
23                          1317 Cedar Hill Avenue
                            Dallas, Texas 75208
24                          Tel. 214-505-6938
                            bryan@fruitsource.net
25

26