IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN W. WILDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-cv-04013-N-BF |
| | § | |
| OGDEN RAGLAND MORTGAGE, ET AL., | § | |
| | § | |
| Defendants. | § | |

### REPLY IN SUPPORT OF DEFENDANTS CALIBER HOME LOANS, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION A/K/A FREDDIE MAC'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7.1(f), Defendants, Caliber Home Loans, Inc. ("Caliber") and Federal Home Loan Mortgage Corporation a/k/a/ Freddie Mac ("Freddie Mac") (collectively, "Defendants"), file their Reply in Support of Defendants' Motion to Dismiss and respectfully show the Court as follows:

#### I.   ARGUMENTS AND AUTHORITIES

1.   As an initial matter, despite Plaintiff's assertion to the contrary, Defendants have not and do not claim that this Court lacks subject matter jurisdiction. Instead, Defendants maintain that Plaintiff's attempt to exercise the right of rescission under TILA is barred by the statute of limitations.

2.   Plaintiff's opposition to Defendants' Motion to Dismiss is primarily based on the allegation that Defendants waived their right to assert that the Notice of Rescission was untimely by failing to file a lawsuit within 20 days of receiving the same. However, there is no requirement that a creditor file a lawsuit within 20 days of its receipt of an untimely notice of rescission in order to preserve the right to assert that the statute of limitations on exercising the right of rescission has run.

3. Additionally, courts have unanimously rejected Plaintiff's argument that the Loan was never consummated because the "true lender" was not identified. The Loan was consummated when Plaintiff executed the Note and Deed of Trust. Because Plaintiff did not send the Notice of Rescission until more than ten years later, his attempt to exercise the right of rescission under TILA is time-barred.

4. Furthermore, Plaintiff's allegation that the Loan was not consummated because he did not receive the loan proceeds is not supported by the loan documents or the allegations in Plaintiff's Complaint. Moreover, assuming *arguendo* that the Loan was never consummated, as Plaintiff claims, TILA would not apply, and Plaintiff's request for rescission under TILA would have no legal basis.

### A. Defendants Did Not Waive Any Rights By Failing To File A Lawsuit Challenging Plaintiff's Untimely Notice Of Rescission.

5. Plaintiff's opposition to Defendants' Motion to Dismiss is based primarily on the allegation that Defendants waived their right to challenge the Notice of Rescission by failing to file a lawsuit within 20 days of receiving the same. However, this assertion is entirely false. Defendants were not required to file a lawsuit within 20 days of the receipt of Plaintiff's untimely Notice of Rescission in order to assert that the statute of limitations on exercising the right to rescind had run, and Defendants did not waive their right to challenge the Notice of Rescission by failing to file a lawsuit upon their receipt of the same. *See Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-0082-N BH, 2012 WL 6764551, at *2, 4 (N.D. Tex. Dec. 10, 2012) (granting defendant's 12(b)(6) motion to dismiss plaintiff's claim for rescission under TILA as barred by the statute of limitations without defendant filing a lawsuit alleging the same within 20 days of receipt of plaintiff's untimely request for rescission).

6. Plaintiff's claim that "Defendants have waived their rights and are barred from

raising any issue regarding the Notice of Rescission" by "[failing] to timely act within 20 days of receipt of the Notice of Rescission" is based on his incorrect reading of 12 C.F.R. § 226.23(d)(2). Section 226.23 states that "the right to rescind shall expire 3 years after consummation." 12 C.F.R. § 226.23(a)(3). It is only after a consumer *timely* exercises the right to rescind does 12 C.F.R. § 226.23(d)(2), the provision regarding the effect of a rescission on which Plaintiff relies, apply. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998) ("[TILA] permits no federal right to rescind . . . after the 3-year period of § 1635(f) has run."); *Utah First Fed. Credit Union v. Dudley*, 280 P.3d 462, 465 (Utah Ct. App. 2012) ("[I]t is only when a borrower legitimately exercises a rescission right that TILA obligations and protections are triggered."). That provision provides that the creditor shall return any money or property that has been given in connection with the transaction and take action necessary to reflect the termination of the security interest within 20 calendar days after the receipt of a notice of rescission. *See* 12 C.F.R. § 226.23(d)(2).

7. Nowhere within 12 C.F.R. § 226.23 does it state that a creditor waives its right to challenge a defective notice of rescission by failing to file a lawsuit challenging the notice of rescission within 20 days of the receipt of the same. In fact, the filing of a lawsuit to challenge a notice of rescission is not mentioned anywhere within the entire section.

8. Plaintiff cites no authority, and no authority exists, to support his proposition that Defendants waived their right to challenge Plaintiff's untimely Notice of Rescission by not filing a lawsuit within 20 days of receiving the same. Indeed, a court in the Northern District has granted a defendant's 12(b)(6) motion to dismiss a plaintiff's claim for rescission under TILA as barred by the statute of limitations where the defendant did not file a lawsuit challenging the plaintiff's untimely notice of rescission upon receiving the same. *See Fantroy*, 2012 WL 6764551, at *2, 4. Plaintiff's attempt to exercise the right of rescission is barred by the statute of

limitations, and Defendants have not waived their right to assert the same.

**B.    *Jesinoski* Supports Defendants' Position That Plaintiff's Notice Of Rescission Is Untimely.**

9.    Plaintiff relies on *Jesinoski v. CountryWide Home Loans, Inc.*, 574 U.S. ___ (2015) to support his claim that the Loan was rescinded upon his sending of the Notice of Rescission. However, the language that Plaintiff cites from *Jesinoski* actually provides further support for Defendants' position that the Notice of Rescission was untimely and therefore ineffective to effect a rescission. Quoting *Jesinoski*, Plaintiff states that a "borrower exercising his right to rescind under the Act need only provide written notice to his lender *within the 3-year period*, not file suit within that period." *See Pl's Opposition to Defendants' Motion to Dismiss*, at 11 (emphasis added). Plaintiff also includes another quote from *Jesinoski* which states, in part, "so long as the borrower notifies [the creditor of his intention to rescind] *within three years after the transaction is consummated*, his rescission is timely." *See id.* at 12 (emphasis added).

10.    *Jesinoski* states in no uncertain terms that a Notice of Rescission is only effective if it is sent within the three-year statute of limitations. *See id.* However, Plaintiff acknowledges that he did not send the Notice of Rescission until April 18, 2015, more than ten years after he executed the Loan documents on February 24, 2004. *See id*; *Pl's Complaint*, Exhibits A & B. As a result, Plaintiff's attempt to exercise the right of rescission under TILA is unquestionably time-barred.

**C.    Plaintiff's Claim That The Loan Was Never Consummated Is Without Merit.**

11.    Plaintiff states that he "does NOT seek to rescind the loan due to the TILA violations" but instead "has rescinded the loan due to the fact that the loan was never consummated." *See Pl's Opposition to Defendants' Motion to Dismiss*, at 16. However, this argument is nonsensical, as one cannot rescind a loan one claims does not exist. *See Pennington*

*v. Equifirst Corp.*, No. 10-1344-RDR, 2011 WL 1541283, at *4 (D. Kan. Apr. 21, 2011) ("[I]f there was never a . . . contractual agreement with defendant, then there is no contract to rescind."). If the Loan was never consummated, as Plaintiff claims, TILA would not apply, and the request for rescission under TILA would have no legal basis. *See id.*

12. In any event, the Loan was in fact consummated the day Plaintiff executed the Note and Deed of Trust. A transaction "is consummated at the moment 'a contractual relationship is created between [a creditor and a customer].'" *Seeberger Bank of Am., N.A. Ventures Trust 2013 I.H.R. v. Seeberger*, No. EP-14-CV-366-KC, 2015 WL 9200878, at *10 (W.D. Tex. Dec. 16, 2015) (quoting *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986)). A contractual relationship is created between a creditor and customer when a loan and security instruments are executed. *Id.*; *see also McCrimmon v. Wells Fargo Bank, N.A.*, 516 Fed. Appx. 372, 375 (5th Cir. 2013) (treating date loan documents were executed as date loan was consummated); *Allen v. Bank of America, N.A.*, No. EP14-CV-429-KC, 2015 WL 1726986, at *13 (W.D. Tex. Apr. 15, 2015) (equating date plaintiff executed note and security instrument as moment loan was consummated); *Turner v. Nationstar Mortgage LLC*, No. 3:14-CV-1704-L, 2015 WL 9918693, at *8 (N.D. Tex. Nov. 13, 2015) (equating date Deed of Trust was executed as date the transaction was consummated).

13. Plaintiff attached copies of the executed Note and Deed of Trust executed on February 24, 2004, to his Complaint, thus establishing February 24, 2004 as the date the Loan was consummated. *See Pl's Complaint*, Exhibits A & B; *Turner*, 2015 WL 9918693, at *8. Plaintiff does not deny the execution of the same. Therefore, Plaintiff's claim that the Loan was never consummated does not have any basis in law or fact.

14. Plaintiff claims that the Loan was never consummated because "the actual lender" was not disclosed to Plaintiff. However, the Deed of Trust does in fact identify the Lender.

"Courts that have considered arguments identical to Plaintiff's – that a borrower's mortgage loan documents allegedly fail to identify the borrower's 'true lender' and therefore . . . the loan was never consummated – have unanimously rejected it." *Sotanski v. HSBC Bank USA, Nat'l Ass'n*, No. 15-CV-01489-LHK, 2015 WL 4760506, at *6 (N.D. Cal. Aug. 12, 2015) (citing *Ramos v. U.S. Bank,* No. 12–CV–1820–IEG, 2012 WL 4062499, at *1 n.1 (S.D. Cal. Sept. 14, 2012) (holding mortgage loan paperwork "plainly identified" a lender and therefore "the loan was consummated regardless of how or by whom the lender was ultimately funded"); *Mbaku v. Bank of Am., Nat. Ass'n,* No. 12–CV–00190–PAB–KLM, 2013 WL 425981, at *5 (D. Colo. Feb. 1, 2013) (rejecting argument that loan was not consummated because loan documents did not identify the "true lender" because "[p]laintiffs' deed of trust identifies TBW as the lender" and therefore "plaintiffs were obligated on their mortgage to TBW"); *Pennington*, 2011 WL 1541283, at *4; *Buie v. Palm Springs Motors, Inc.,* No. EDCV 00–00168 VAP, 2001 WL 34570064, at *4 (C.D. Cal. May 14, 2001)); *see also Trotter v. Bayview Loan Servicing*, No. 2:15-CV-00301-CWD, 2015 WL 8966926, at *7 (D. Idaho Dec. 15, 2015) (rejecting argument that loan was not consummated where plaintiff claimed the 'purported lender' was a 'straw entity' who never actually lent nay money to plaintiff); *Major v. Imortgage.com, Inc.*, 515CV02592CASDTBX, 2016 WL 492740, at *3 (C.D. Cal. Feb. 8, 2016) ("[E]ven assuming that there were 'hidden investors' for plaintiff's mortgage, he provides no authority suggesting that, where the lender is otherwise disclosed, such 'hidden investors' must also be disclosed before a loan can be consummated. Accordingly, the Court finds that plaintiffs' loan was consummated in June, 2006 [when the loan documents were executed].").

15.     Because the Lender was identified in the Deed of Trust, Plaintiff's claim that the Loan was never consummated is without merit. *See Tyshkevich v. Wells Fargo Bank, N.A.*, No. 215CV2010JAMACPS, 2015 WL 7422178, at *6 (E.D. Cal. Nov. 13, 2015) (rejecting plaintiff's

argument that loan was never consummated because loan documents failed to identify true parties to transaction where Deed of Trust identified lender).

16. Seemingly recognizing the shortcomings of his original argument that the Loan was not consummated because the "true lender" was not identified, Plaintiff adopts a new rationale in his Opposition to Defendants' Motion to Dismiss as to why the Loan was allegedly never consummated. In his Affidavit in support of his Opposition to Defendants' Motion to Dismiss, Plaintiff alleges that he "was not the recipient of any loan proceeds or loan disbursement in any form." *Pl's Affidavit*, at 1.

17. As an initial matter and as set forth more fully below, Defendants object to Plaintiff's affidavit, as it is not proper to consider matters outside the pleadings on a motion under Rule 12(b)(6). *See* FED. R. CIV. P. 12(d). Additionally, Plaintiff's claim that he did not receive any loan proceeds is contradicted by his Complaint, in which he requests the return of funds he claims to have paid under the Note. *See Pl's Complaint*, at 25. Moreover, assuming *arguendo* that the Loan was never consummated, as Plaintiff claims, TILA would not apply, and Plaintiff's request for rescission under TILA would have no legal basis. *See Pennington*, 2011 WL 1541283, at *4 ("[I]f there was . . . no contractual agreement with defendant EquiFirst, then there is no contract to rescind and no obligation upon defendant EquiFirst under TILA to make disclosures."); *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 801 (6th Cir. 1996) ("TILA's disclosure requirements do not arise until a contractual relationship exists between the parties."); *Orlosky v. Empire Security Systems, Inc.*, 657 N.Y.S.2d 840, 842 (Sup. Ct. 3d Dept. 1997) ("A valid contract is a prerequisite to invocation of TILA protections.").

**D. Defendants Object to Plaintiff's Affidavit and Request That It Not Be Considered By The Court.**

18. Generally, in considering a motion to dismiss under Rule 12(b)(6), the Court

"must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). When affidavits accompany a Rule 12(b)(6) motion, the Court has complete discretion to determine whether or not to accept the additional material. *DDH Aviation, L.L.C. v. Holly*, No. 3:03-CV-2598-R, 2004 WL 576061, at *3 (N.D. Tex. Mar. 22, 2004). If the Court is presented with matters outside the pleading and does not exclude them, "the motion must be treated as one for summary judgment [and] . . . [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. FED. R. CIV. P. 12(d).

19. Defendants request that the Court not consider Plaintiff's affidavit in support of his Opposition to Defendant's Motion to Dismiss, as it is improper to consider such matters outside the pleadings in a Rule 12(b)(6) motion. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) ("[T]he court may not look beyond the pleadings in ruling on the [Rule 12(b)(6) motion.").

20. However, if the Court does consider Plaintiff's affidavit, thus converting Defendant's 12(b)(6) motion into a motion for summary judgment, Defendants object to the affidavit as it is self-serving and contradicted by the allegations in Plaintiff's Complaint. *See Nungesser v. LTF Club Operations Co., Inc.*, No.. H-12-2602, 2014 WL 345678, at *4 (S.D. Tex. Jan. 30, 2014) ("A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.").

21. In his Complaint, Plaintiff requests that "all assets Plaintiff proves have been paid under the Note be restored forthwith to Plaintiff in the sum of not less than $398,286.94." *See Pl's Complaint*, at 25. However, Plaintiff's affidavit states that he "was not the recipient of any loan proceeds or loan disbursement in any form." *See Pl's Affidavit*, at 1. This is in direct contradiction to this request that monies he allegedly paid under the Note be repaid to him. Therefore, to the extent the Court considers Plaintiff's affidavit, Defendants object to the

affidavit as self-serving and not supported by the evidence in the record. *See Excalibur Paint & Coatings, Ltd. v. Ashland Inc.*, 7-05 CV-116-R, 2006 WL 2679965, at *3 (N.D. Tex. Sept. 15, 2006) ("A non-moving party cannot use a self-serving affidavit to create a fact issue for the purpose of avoiding summary judgment.").

## Relief Requested

Defendants respectfully request that the Court dismiss Plaintiff's claims against Defendants in their entirety and with prejudice to re-filing the same, find that leave to amend would be futile, award Defendants judgment that Plaintiff take nothing by this action against Defendants, and that Defendants recover their attorneys' fees and all costs incurred in this action, together with all relief to which Defendants may be justly entitled.

Respectfully Submitted,

/s/ Lauren N. Beverly
J. Allen Smith
Texas Bar I.D. 18616900
*asmith@settlepou.com*
Lauren N. Beverly
Texas Bar I.D. 24073922
*lbeverly@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANTS
CALIBER HOME LOANS, INC. AND
FEDERAL HOME LOAN MORTGAGE
CORPORATION A/K/A FREDDIE MAC

**Certificate of Service**

I certify that this document was served in accordance with the Federal Rules of Civil Procedure on February 29, 2016, by the manner indicated upon the following persons:

Via CM/RRR No. 9414 7266 9904 2059 2861 71
Bryan W. Wilder, Pro Se
1317 Cedar Hill Avenue
Dallas, Texas 75208

/s/ Lauren N. Beverly
Lauren N. Beverly