UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRYAN W. WILDER,  )
   Plaintiff,  )
v.  )  No. 3:15-CV-4013-N (BF)
OGDEN RAGLAND MORTGAGE, et al.,  )
   Defendants.  )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court are Mortgage Electronic Registration Systems, Inc.'s ("Defendant") Motion to Dismiss [ECF No. 20], and Bryan W. Wilder's ("Plaintiff") Opposition to Defendant's Motion to Dismiss ("Opposition") and Motion to Strike Defendants' Motion and Defenses[1] ("Motion to Strike") [ECF No. 28]. For the following reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion to Dismiss [ECF No. 20] and **DENY** Plaintiff's Motion to Strike [ECF No. 28].

## BACKGROUND

On February 24, 2004, Plaintiff executed a Texas Home Equity Note (the "Note") in the amount of $320,000.00 payable to Ogden Ragland Mortgage ("Ogden"). Compl. 7, ECF No. 2. Plaintiff also executed a Deed of Trust which created a lien on Plaintiff's home located at 1317 Cedar Hill Avenue, Dallas, Texas 75208. Compl. 7, ECF No. 2; Ex. B, ECF No. 2 at 32. On January 30, 2013, Defendant, as a nominee for Ogden, executed an assignment of the loan to JP Morgan Chase Bank, N.A. ("JP Morgan"). Def.'s Br. 1, ECF No. 21; Ex. 1, ECF No. 21-1. JP Morgan

---

[1]. Plaintiff's *pro se* Motion to Strike appears to be merely a request for the Court to deny Defendant's Motion to Dismiss, as Plaintiff provides no grounds to strike Defendant's motion, other than his arguments that Defendant's motion should be denied. Mot. to Strike 33, ECF No. 28.

thereafter assigned the loan to Caliber Home Loans, Inc. ("Caliber"). Def.'s Br. 2, ECF No. 21; Ex. 2, ECF No. 21-2. Plaintiff failed to make 24 regular monthly payments on his home equity loan. Appl., ECF No. 2 at 65. Therefore, Caliber filed an Application for an Expedited Order Under Rule 736 on a Home Equity Loan in the C-68th Judicial District Court of Dallas County, Texas on November 3, 2015. Appl., ECF No. 2 at 64-67.

Plaintiff filed the instant action in the Northern District of Texas on December 18, 2015. Compl., ECF No. 2. In the Complaint, Plaintiff alleges that the defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 *et seq.*, by failing to disclose the identity of the true lender and hiding the fact that Ogden was "paid to pose as the 'lender' when in fact [] Ogden failed to fund the promised loan and as such did not consummate the transaction." Compl. 7, ECF No. 2. Plaintiff seeks rescission under 15 U.S.C. §§ 1635 and 1638(a)(1), and 12 C.F.R. § 226.23. Compl. 12-19, ECF No. 2. Plaintiff also argues that the loan was never consummated due to the failure to disclose. Compl. 19-22, ECF No. 2. Plaintiff further alleges that the defendants are subject to criminal liability under 15 U.S.C. § 1611 for filing false pleadings in state court and seeks restitution under 12 C.F.R. § 1026.23(d)(2). Compl. 22 & 25, ECF No. 2.

## **STANDARD OF REVIEW**

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) if the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In considering a Rule 12(b)(6) motion to dismiss, the court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines

2

whether a plaintiff has stated a legally cognizable claim. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank, P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). In resolving a Rule 12(b)(6) controversy, the Court may examine: (1) the complaint and documents attached to the complaint; (2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Herrera v. Wells Fargo Bank, N.A.*, Civ. Action No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387; *Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)).

Although the Court liberally construes the briefs of *pro se* litigants, Plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). "One who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer . . . unless a liberal construction of properly filed pleadings be considered an enhanced right." *Id.* (citing *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure." *Id.* (citing *Pinkey*, 548 F.2d at 311; *Larkin v. United Ass'n of Plumbers & Pipefitters*, 338 F.2d 335, 336 (1st Cir. 1964); *United States v. Fowler*, 605 F.2d 181, 183 (5th Cir. 1979)).

"A district court generally must afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim." *Steele v. Brown*, No. 3:16-CV-1116-N (BN), 2016 WL

3

2855584, at *2 (N.D. Tex. Apr. 27, 2016) (citing *Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). "Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-82-N (BH), 2012 WL 6764551, at *10 (N.D. Tex. Dec. 10, 2012) (citing *Robinette v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, No. 3:96-CV-2923-D, No. 3:97-CV-353-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims v. Tester*, No. 3:00-CV-863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001)). "*Pro se* litigants may also amend their complaint in response to a recommended dismissal." *Id.* (citing *Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-41-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008)). Nevertheless, "a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his best case" or that such "amendment is futile." *Id.* (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)).

## ANALYSIS

### TILA

"The purpose of the TILA is to protect the consumer from inaccurate and unfair credit practices, and 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Fairley v. Turan-Foley Imports, Inc.*, 65 F.3d 475, 479 (5th Cir. 1995) (citing 15 U.S.C. § 1601(a)). Regulation Z was promulgated to implement TILA. *Id.* (citing 12 C.F.R. § 226.1(a)). "A creditor is required by Regulation Z to make certain disclosures to the consumer, 'clearly and

conspicuously in writing, in a form that the consumer may keep.'" *Id.* (citing 12 C.F.R. § 226.17(a)(1)). "Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate." *Id.* (citing 12 C.F.R. §§ 226.18, 226.22). In order "[t]o promote the Act's purpose of protecting consumers, [the Fifth Circuit] has made clear that creditors must comply strictly with the mandates of the TILA and Regulation Z." *Id.* "Strict compliance does not necessarily mean punctilious compliance if, with minor deviations from the language described in the Act, there is still a substantial, clear disclosure of the fact or information demanded by the applicable statute or regulation." *Id.* (citing *Smith v. Chapman*, 614 F.2d 968, 971 (5th Cir. 1980)).

> TILA provides that in the case of any consumer credit transaction in which a security interest will be retained on any property used as the consumer's principal dwelling, the consumer shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or delivery of the material disclosure and rescission forms, whichever is later. . . . If the creditor fails to deliver the forms, or fails to provide the required information, then the consumer's right of rescission extends for three years after the date of consummation of the transaction.

*Taylor v. Domestic Remodeling, Inc.*, 97 F.3d 96, 98 (5th Cir. 1996) (citing 15 U.S.C. § 1635(a) & (f)); *see also Turner v. Nationstar Mortg. L.L.C.*, No. 3:14-CV-1704-L (BN), 2015 WL 9918693, at *8 (N.D. Tex. Nov. 13, 2015) ("In certain credit transactions involving a lien on the borrower's principal dwelling, the borrower has 'the right to rescind the transaction until midnight of the third business day following [its] consummation.'"(citing 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)). However, "TILA expressly provides that the right of rescission does not apply to residential mortgage transactions." *Id.* (citing 15 U.S.C. § 1635(e)(1); *Gipson v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-CV-4820-L, 2015 WL 2069583, at *10 (N.D. Tex. May 4, 2015)). "A residential mortgage

5

transaction is 'a transaction in which a mortgage [or] deed of trust . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.'" *Id.* (citing 15 U.S.C. § 1602(w); *Gipson*, 2015 WL 2069583, at *10).

<u>Rescission</u>

Plaintiff's first three causes of action seek rescission under 15 U.S.C. §§ 1635 and 1638(a)(1), and 12 C.F.R. § 226.23. Compl. 12-19, ECF No. 2. Defendant argues that Plaintiff's claims for rescission are time barred, because the time period for a rescission claim under TILA is three years. Def.'s Br. 3-6, ECF No. 21; *Turner*, 2015 WL 9918693, at *8 ("The limitations period for a right of rescission claim under TILA is 'three years after the date of the consummation of the transaction.'" (citing 15 U.S.C. § 1635(f)). Defendant points out that, because the loan was executed on February 24, 2004, the time period within which Plaintiff could assert a rescission claim expired three years later on February 24, 2007, but Plaintiff did not send his Notice of Rescission until April 18, 2015. Def.'s Br. 4-5, ECF No. 21; Ex. C, ECF No. 2 at 51. Defendant argues that, because it is apparent from the face of Plaintiff's Complaint that the rescission claims are time-barred, they should be dismissed for failure to state a claim. Def.'s Br. 4-6, ECF No. 21. Plaintiff specifically states in his Complaint that the Note was executed on February 24, 2004, and that he sent his Notice of Rescission on April 18, 2015. Compl. 7-8, ECF No. 2. Further, the Note attached to Plaintiff's Complaint as Exhibit A is dated February 24, 2004, and the Notice of Recession attached to Plaintiff's Complaint as Exhibit C is dated April 18, 2015. Ex. A, ECF No. 2 at 27-31; Ex. C, ECF No. 2 at 51-54.

In sum, it is plain from the face of Plaintiff's Complaint that his rescission claims fail, because they are time barred. *See Lowery v. Capital One Mortg.*, 429 F. App'x 377, 378 (5th Cir.

June 20, 2011) ("[T]he Supreme Court concluded that § 1635(f) does not contain a statute of limitations for bringing a claim, but rather provides that the right to rescission under the TILA expires after three years. [] Because there is no right to rescind after three years, the district court did not err in finding that Lowery had failed to state a claim in seeking rescission under the TILA beyond the three year period." (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998))); *see also Allen v. Bank of Am., N.A.*, No. EP-14-CV-429-KC, 2015 WL 1726986, at *13 (W.D. Tex. Apr. 15, 2015) ("Plaintiff's request for rescission almost a decade after the Loan was originally consummated fails as a matter of law." (citing *Beach*, 523 U.S. at 411, 413; *Lowery*, 429 F. App'x at 378; *Taylor v. Domestic Remodeling, Inc.*, 97 F.3d 96, 98 (5th Cir. 1996)).

In addition, while Plaintiff argues in his Opposition that the defendants waived their rights to challenge Plaintiff's Notice of Rescission by failing to file a lawsuit within 20 days of receiving the notice, as Defendant point out, 12 C.F.R. § 226.23(d)(2) does not require the filing of a lawsuit within 20 days, and 12 C.F.R. § 226.23(d)(2) is applicable only if Plaintiff timely exercised his right to rescind. Opp'n 13, ECF No. 28; Reply 3, ECF No. 31. Furthermore, as previously discussed, while courts generally give *pro se* litigants an opportunity to amend their pleadings prior to dismissal, the Court is not required to do so when the amendment would be futile. *See Steele*, 2016 WL 2855584, at *2; *Fantroy*, 2012 WL 6764551, at *10. An amendment would be futile here, because it is apparent from the face of Plaintiff's Complaint that the rescission claims fail for the reasons discussed. Therefore, Defendant's Motion to Dismiss should be granted with respect to Plaintiff's rescission claims.

Unconsummated Loan

Plaintiff's Fourth Cause of Action alleges that the loan was never consummated, because the

defendants failed to identify the true lender. Compl. 19-22, ECF No. 2. Plaintiff states that "[d]ue to the fact that the funding of the alleged 'loan' is NOT identified, the loan has not 'consummated' [] under TILA and the three year right to rescind remains open." Compl. 22, ECF No. 2. The Court is to "look to Regulation Z to determine whether [Plaintiff's] claim is one to which the TILA should apply." *Fairley*, 65 F.3d at 480. "Regulation Z obliges creditors to make the statutorily-mandated disclosures 'before the transaction is consummated.'" *Davis v. Werne*, 673 F.2d 866, 869 (5th Cir. 1982) (citing 12 C.F.R. § 226.8(a)). "Consummation is defined under Regulation Z as 'the time that a consumer becomes contractually obligated on a credit transaction.'" *Fairley*, 65 F.3d at 480 (citing *Clark v. Troy & Nichols, Inc.*, 864 F.2d 1261, 1264 (5th Cir. 1989); 12 C.F.R. § 226.2(a)(13)); *see also Bank of Am., N.A. v. Seeberger*, EP-14-CV-366-KC, 2015 WL 9200878, at *10 (W.D. Tex. Dec. 16, 2015) ("A transaction is consummated at the moment a contractual relationship is created between [a creditor and a customer]." (quoting *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986)) (internal quotation marks omitted)). "A contractual relationship is created between a creditor and customer when a loan and security instruments are executed." *Seeberger*, 2015 WL 9200878, at *10.

Defendant argues that Plaintiff's claim that the loan was never consummated is baseless, because Plaintiff executed the loan documents on February 24, 2004 and received $320,000.00 in accordance with those documents. Def.'s Br. 7, ECF No. 21. Defendant argues that Plaintiff became contractually obligated on the loan and the loan was consummated on the day he executed the loan documents, despite Plaintiff's allegation that the lender identified in the loan documents was not the true source of the funds. Def.'s Br. 8, ECF No. 21. Moreover, Defendant argues that Plaintiff's new allegation that the loan was not consummated because there was no consideration cannot be asserted

in response to Defendant's Motion to Dismiss, and Plaintiff's claim that he did not receive the loan proceeds is contradicted by the Complaint that seeks the return of funds that he allegedly paid under the Note. Reply 6-7, ECF No. 31; Opp'n 25-26, ECF No. 28. Furthermore, Defendant argues that if the loan was never consummated as Plaintiff claims, TILA would not be applicable, and Plaintiff's request for rescission under TILA would fail to have a legal basis. Reply 7, ECF No. 31.

As Defendant argues, if the loan was never consummated, then there is no loan to rescind under TILA. *See Pennington v. Equifirst Corp.*, No. 10-1344-RDR, 2011 WL 1541283, at *4 (D. Kan. Apr. 21, 2011) ("[I]f there was never a . . . contractual agreement with defendant [], then there is no contract to rescind and no obligation upon defendant [] under TILA to make disclosures.") (citations omitted). Furthermore, if Plaintiff is attempting to raise a new claim on the basis of lack of consideration, the Court declines to consider it for the reasons argued by Defendant. Upon consideration of the foregoing, Plaintiff fails to state a claim for which relief can be granted, and Defendant's Motion to Dismiss should be granted with respect to this claim.

## Criminal Liability

Defendant argues that Plaintiff failed to state a claim for violation of 15 U.S.C. § 1611 ("Section 1611"), because this statute does not provide civil remedies. Def.'s Br. 9, ECF No. 21. Plaintiff's Fifth Cause of Action alleges that the defendants are subject to criminal liability under Section 1611, because Ogden filed pleadings in state court with full knowledge that Plaintiff rescinded the loan. Compl. 22-23, ECF No. 2. Section 1611 provides that:

> Whoever willfully and knowingly (1) gives false or inaccurate information or fails to provide information which he is required to disclose under the provisions of this subchapter or any regulation issued thereunder, (2) uses any chart or table authorized by the Bureau under section 1606 of this title in such a manner as to consistently understate the annual percentage rate determined under section 1606(a)(1)(A) of this

9

title, or (3) otherwise fails to comply with any requirement imposed under this subchapter, shall be fined not more than $5,000 or imprisoned not more than one year, or both.

15 U.S.C. § 1611. As Defendant argues, because Section 1611 does not provide for a private cause of action, this claim should be dismissed. *See Dunn-Mason v. JP Morgan Chase Bank, N.A.*, No. 11-CV-13419, 2013 WL 5913684, at *13 (E.D. Mich. Nov. 1, 2013) ("15 U.S.C. § 1611 provides criminal penalties for certain violations of the Truth in Lending Act [] and does not provide a private civil right of action. . . . Accordingly, plaintiff's claims under that statute should be dismissed . . . ." (citing *Vrabel v. JP Morgan Chase Bank, N.A.*, No. C-C-09-1278-MMC, 2009 WL 2421856, at *2 (N.D. Cal. Aug. 6, 2009))); *Beepot v. JP Morgan Chase Nat'l Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1380 (M.D. Fla. 2014) ("[T]he Supreme Court has explained that private citizens lack a judicially cognizable interest in the prosecution or nonprosecution of another. . . . As such, the Beepots cannot bring civil claims under these federal criminal statutes." (quoting *Austin v. Global Connection*, 303 F. App'x 750, 753 (11th Cir. 2008); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 n.13 (2005)) (internal quotation marks omitted)).

<u>Return of Money or Property</u>

Plaintiff's Seventh Cause of Action states that, under 12 C.F.R. § 1026.23(d)(2) ("Section 1026.23(d)(2)"), he is "entitled to damages and an order to return the original Note marked 'cancelled,' record reconveyance/cancellation of the security instrument and with restitution of all sums paid by Plaintiff to anyone claiming to be a 'lender' and/or a servicer and/or their agents." Compl. 25, ECF No. 2. Section 1026.23(d)(2) states: "Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of

the security interest." 12 C.F.R. § 1026.23(d)(2). Defendant argues that Plaintiff failed to state a claim under Section 1026.23(d)(2), because Plaintiff's claims for rescission are time barred. Def.'s Br. 9, ECF No. 21. Because Plaintiff's rescission was invalid for the reasons discussed herein, Plaintiff's claim under Section 1026.23(d)(2) also fails. Therefore, Defendant's Motion to Dismiss should be granted with respect to this claim.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion to Dismiss [ECF No. 20] and **DENY** Plaintiff's Motion to Strike [ECF No. 28].

**SO RECOMMENDED**, this 10 day of February, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

11

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).