NORTHERN DISTRICT OF TEXAS

FILED

FEB 1 4 2017

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

BRYAN W. WILDER,         )
     **Plaintiff,**       )
                         )
**v.**                      )   **No. 3:15-CV-4013-N (BF)**
**OGDEN RAGLAND MORTGAGE, et al.,**  )
     **Defendants.**      )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management.

Before the Court are Ogden Ragland Mortgage's ("Defendant") Motion to Dismiss [ECF No. 33],

and Bryan W. Wilder's ("Plaintiff") Opposition to Defendant's Motion to Dismiss ("Opposition")

and Motion to Strike Defendant's Motion and Defenses[1] ("Motion to Strike") [ECF No. 38]. For the

following reasons, the undersigned respectfully recommends that the District Court **GRANT**

Defendant's Motion to Dismiss [ECF No. 33], and **DENY** Plaintiff's Motion to Strike [ECF No. 38].

## BACKGROUND

On February 24, 2004, Plaintiff executed a Texas Home Equity Note (the "Note") in the

amount of $320,000.00 payable to Defendant. Compl. 7, ECF No. 2; Ex. A, ECF No. 2 at 27-31.

Plaintiff also executed a Deed of Trust which created a lien on Plaintiff's home located at 1317

Cedar Hill Avenue, Dallas, Texas 75208. Compl. 7, ECF No. 2; Ex. B, ECF No. 2 at 32-50.

Mortgage Electronic Registration Systems, Inc., as a nominee for Defendant, executed an assignment

of this loan to JP Morgan Chase Bank, N.A. ("JP Morgan") in January of 2013. Compl. 4, ECF No.

2. JP Morgan thereafter assigned the loan to Caliber Home Loans, Inc. ("Caliber") in July of 2013.

---

1. Plaintiff's *pro se* Motion to Strike appears to be merely a request for the Court to deny Defendant's
Motion to Dismiss, as Plaintiff provides no grounds to strike Defendant's motion, other than his arguments
that Defendant's motion should be denied. Mot. to Strike 29, ECF No. 38.

Compl. 4, ECF No. 2. On April 18, 2015, Plaintiff sent his notice of rescission for the February 24, 2004 loan transaction. Compl. 9, ECF No. 2; Ex. C, ECF No. 2 at 51. On November 3, 2015, Caliber filed an Application for an Expedited Order Under Rule 736 on a Home Equity Loan in the C-68th Judicial District Court of Dallas County, Texas stating that Plaintiff failed to make 24 regular monthly payments on his home equity loan. Ex. I, ECF No. 2 at 64-67.

Plaintiff filed the instant action in the Northern District of Texas on December 18, 2015. Compl., ECF No. 2. In the Complaint, Plaintiff alleges that the defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, by failing to disclose the identity of the true lender and hiding the fact that Defendant was "paid to pose as the 'lender' when in fact [] Ogden failed to fund the promised loan and as such did not consummate the transaction." Compl. 7, ECF No. 2. Plaintiff seeks rescission under 15 U.S.C. §§ 1635 and 1638(a)(1), and 12 C.F.R. § 226.23. Compl. 12-19, ECF No. 2. Plaintiff also argues that the loan was never consummated due to the failure to disclose. Compl. 19-22, ECF No. 2. Plaintiff further alleges that the defendants are subject to criminal liability under 15 U.S.C. § 1611 for filing false pleadings in state court and seeks restitution under 12 C.F.R. § 1026.23(d)(2). Compl. 22-25, ECF No. 2.

## STANDARD OF REVIEW

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) if the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In considering a Rule 12(b)(6) motion to dismiss, the court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines

2

whether a plaintiff has stated a legally cognizable claim. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank, P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). In resolving a Rule 12(b)(6) controversy, the Court may examine: (1) the complaint and documents attached to the complaint; (2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Herrera v. Wells Fargo Bank, N.A.*, Civ. Action No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387; *Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)).

Although the Court liberally construes the briefs of *pro se* litigants, Plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). "One who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer . . . unless a liberal construction of properly filed pleadings be considered an enhanced right."*Id.* (citing *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure." *Id.* (citing *Pinkey*, 548 F.2d at 311; *Larkin v. United Ass'n of Plumbers & Pipefitters*, 338 F.2d 335, 336 (1st Cir. 1964); *United States v. Fowler*, 605 F.2d 181, 183 (5th Cir. 1979)).

"A district court generally must afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim." *Steele v. Brown*, No. 3:16-CV-1116-N (BN), 2016 WL

2855584, at *2 (N.D. Tex. Apr. 27, 2016) (citing *Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). "Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-82-N (BH), 2012 WL 6764551, at *10 (N.D. Tex. Dec. 10, 2012) (citing *Robinette v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, No. 3:96-CV-2923-D, No. 3:97-CV-353-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims v. Tester*, No. 3:00-CV-863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001)). "*Pro se* litigants may also amend their complaint in response to a recommended dismissal." *Id.* (citing *Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-41-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008)). Nevertheless, "a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his best case" or that such "amendment is futile." *Id.* (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)).

## ANALYSIS

Defendant argues that Plaintiff's claims against it must be dismissed, because Plaintiff fails to plead non-conclusory facts to state a plausible claim against Defendant. Def.'s Br. 3, ECF No. 34. Defendant argues that Plaintiff's "factual allegations" are actually factual and legal conclusions. Def.'s Br. 5, ECF No. 34. For example, Defendant states that Plaintiff makes the conclusions that Defendant is not the "true lender," that Defendant "did not consummate the transaction," that Defendant "us[ed] subterfuge to hide the identity of the 'true lender,'" and that the "Note and Security Interest are now extinguished and any rights under the Note and Security Interest have

4

terminated," but Plaintiff fails to provide any facts, statutes, or case law that support these conclusions. Def.'s Br. 5, ECF No. 34. Defendant also argues that, when it assigned the Note and Deed of Trust to JP Morgan, it lost any rights and interests in the property that Plaintiff seeks to recover from Defendant, and Defendant has no interest to convey. Def.'s Br. 5, ECF No. 34. Moreover, Defendant points out that Plaintiff states in his Complaint that Defendant assigned the loan to JP Morgan on January 1, 2013. Def.'s Br. 6, ECF No. 34; Compl. 4, ECF No. 2. Therefore, Defendant argues that it does not have rights in the property which Plaintiff seeks to recover through rescission, return, or cancellation. Def.'s Br. 6, ECF No. 34. Defendant also argues that Plaintiff's rescission claims are time barred, because a rescission claim under TILA must be asserted within three years of the execution of the loan. Def.'s Br. 6-7, ECF No. 34. Defendant points out that the loan was executed on February 24, 2004, but Plaintiff did not send his Notice of Rescission until April 18, 2015, eight years after the period in which he could have brought a rescission claim expired. Def.'s Br. 7, ECF No. 34; Ex. C, ECF No. 2 at 51. Defendant argues that, because it is apparent from the face of Plaintiff's Complaint that the rescission claims are time-barred, they should be dismissed for failure to state a claim. Def.'s Br. 7, ECF No. 34.

As argued by Defendant, because Defendant assigned the loan to JP Morgan in January of 2013, Defendant does not have rights in the property that Plaintiff seeks to recover through rescission, return, or cancellation. Compl. 4, ECF No. 2. It is also apparent that Plaintiff's rescission claims fail, because they are time barred. *See Turner v. Nat'l Mortg. L.L.C.*, No. 3:14-CV-1704-L (BN), 2015 WL 9918693, at *8 (N.D. Tex. Nov. 13, 2015) ("The limitations period for a right of rescission claim under TILA is 'three years after the date of the consumption of the transaction.'" (citing 15 U.S.C. § 1635(f)); *Lowery v. Capital One Mortg.*, 429 F. App'x 377, 378 (5th Cir. 2011)

("[T]he Supreme Court concluded that § 1635(f) does not contain a statute of limitations for bringing a claim, but rather provides that the right to rescission under the TILA expires after three years. [] Because there is no right to rescind after three years, the district court did not err in finding that Lowery had failed to state a claim in seeking rescission under the TILA beyond the three year period." (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998))). As Defendant further argues, Plaintiff fails to set forth facts from which the Court can reasonably infer that Defendant is liable for the misconduct alleged in Plaintiff's Complaint. In addition, while courts generally give *pro se* litigants an opportunity to amend their pleadings prior to dismissal, the Court is not required to do so when the amendment would be futile. *See Steele*, 2016 WL 2855584, at *2; *Fantroy*, 2012 WL 6764551, at *10. It is apparent here that permitting Plaintiff to amend would be futile. Therefore, Defendant's Motion to Dismiss should be granted.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion to Dismiss [ECF No. 33], and **DENY** Plaintiff's Motion to Strike [ECF No. 38].

**SO RECOMMENDED**, this *14* day of *February*, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

7