UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRYAN W. WILDER,            )
    Plaintiff,           )
                         )
v.                         )    No. 3:15-CV-4013-N (BF)
                         )
OGDEN RAGLAND MORTGAGE, et al.,  )
    Defendants.          )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court are Connie J. Vandergriff's ("Defendant") Motion to Dismiss [ECF No. 25], and Bryan W. Wilder's ("Plaintiff") Opposition to Defendant's Motion to Dismiss ("Opposition") and Motion to Strike Defendant's Motion and Defenses[1] ("Motion to Strike") [ECF No. 35]. For the following reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion to Dismiss [ECF No. 25], and **DENY** Plaintiff's Motion to Strike [ECF No. 35].

## BACKGROUND

On February 24, 2004, Plaintiff executed a Texas Home Equity Note (the "Note") in the amount of $320,000.00 payable to Ogden Ragland Mortgage ("Ogden"). Compl. 7, ECF No. 2. Plaintiff also executed a Deed of Trust which created a lien on Plaintiff's home located at 1317 Cedar Hill Avenue, Dallas, Texas 75208. Compl. 7, ECF No. 2; Ex. B, ECF No. 2 at 32. On January 30, 2013, Mortgage Electronic Registration Systems, Inc., as a nominee for Ogden, executed an assignment of the loan to JP Morgan Chase Bank, N.A. ("JP Morgan"). Def.'s Mot. & Br. 2, ECF No. 25. JP Morgan thereafter assigned the loan to Caliber Home Loans, Inc. ("Caliber"). Def.'s Mot.

---

1. Plaintiff's *pro se* Motion to Strike appears to be merely a request for the Court to deny Defendant's Motion to Dismiss, as Plaintiff provides no grounds to strike Defendant's motion, other than his arguments that Defendant's motion should be denied. Mot. to Strike 17, ECF No. 35.

& Br. 2, ECF No. 25. Plaintiff failed to make 24 regular monthly payments on his home equity loan. Appl., ECF No. 2 at 65. Therefore, Defendant, on behalf of Caliber, filed an Application for an Expedited Order Under Rule 736 on a Home Equity Loan in the C-68th Judicial District Court of Dallas County, Texas on November 3, 2015. Def.'s Mot. & Br. 2, ECF No. 25; Appl., ECF No. 2 at 64-67.

Plaintiff filed the instant action in the Northern District of Texas on December 18, 2015. Compl., ECF No. 2. In the Complaint, Plaintiff alleges that the defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, by failing to disclose the identity of the true lender and hiding the fact that Ogden was "paid to pose as the 'lender' when in fact [] Ogden failed to fund the promised loan and as such did not consummate the transaction." Compl. 7, ECF No. 2. Plaintiff seeks rescission under 15 U.S.C. §§ 1635 and 1638(a)(1), and 12 C.F.R. § 226.23. Compl. 12-19, ECF No. 2. Plaintiff also argues that the loan was never consummated due to the failure to disclose. Compl. 19-22, ECF No. 2. Plaintiff further alleges that the defendants are subject to criminal liability under 15 U.S.C. § 1611 for filing false pleadings in state court and seeks restitution under 12 C.F.R. § 1026.23(d)(2). Compl. 22-25, ECF No. 2.

## STANDARD OF REVIEW

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) if the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In considering a Rule 12(b)(6) motion to dismiss, the court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines

whether a plaintiff has stated a legally cognizable claim. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank, P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). In resolving a Rule 12(b)(6) controversy, the Court may examine: (1) the complaint and documents attached to the complaint; (2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Herrera v. Wells Fargo Bank, N.A.*, Civ. Action No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387; *Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Funk v. Stryker Corp.*, 631 F.3d 777, .780 (5th Cir. 2011)).

Although the Court liberally construes the briefs of *pro se* litigants, Plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). "One who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer . . . unless a liberal construction of properly filed pleadings be considered an enhanced right."*Id.* (citing *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure." *Id.* (citing *Pinkey*, 548 F.2d at 311; *Larkin v. United Ass'n of Plumbers & Pipefitters*, 338 F.2d 335, 336 (1st Cir. 1964); *United States v. Fowler*, 605 F.2d 181, 183 (5th Cir. 1979)).

"A district court generally must afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim." *Steele v. Brown*, No. 3:16-CV-1116-N (BN), 2016 WL

2855584, at *2 (N.D. Tex. Apr. 27, 2016) (citing *Gregory v. McKennon*, 430 F. App'x 306, 308 (5th

Cir. 2011); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). "Courts therefore typically allow

*pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court

order." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-82-N (BH), 2012 WL 6764551, at *10 (N.D.

Tex. Dec. 10, 2012) (citing *Robinette v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, No. 3:96-CV-

2923-D, No. 3:97-CV-353-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims v. Tester*, No.

3:00-CV-863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001)). "*Pro se* litigants may also

amend their complaint in response to a recommended dismissal." *Id.* (citing *Swanson v. Aegis

Commc'ns Grp., Inc.*, No. 3:09-CV-41-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott v.

Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008)). Nevertheless,

"a court may appropriately dismiss an action with prejudice without giving an opportunity to amend

if it finds that the plaintiff has alleged his best case" or that such "amendment is futile." *Id.* (citing

*Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *Foman v. Davis*, 371 U.S. 178, 182 (1962);

*Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)).

## ANALYSIS

Plaintiff's Sixth Cause of Action alleges that Defendant, the attorney who initiated the

foreclosure at issue, is subject to criminal liability under 15 U.S.C. § 1611 ("Section 1611"), because

she knew that Plaintiff sent his rescission notice on April 18, 2015, but nevertheless proceeded with

the foreclosure proceeding in state court. Compl. 23-24, ECF No. 2; Def.'s Mot. & Br. 2, ECF No.

25. Defendant argues that Plaintiff fails to state a claim under Section 1611, because Section 1611

is a criminal statute. Def.'s Mot. & Br. 1, ECF No. 25. Defendant further argues that, even if it was

Plaintiff's intent to sue her under TILA's civil provisions, Plaintiff would still fail to state a claim,

4

because she does not fall under TILA's definition of a creditor. Def.'s Mot. & Br. 1, ECF No. 25 In

addition, Defendant argues that any amendments to Plaintiff's claims against her would be futile,

because she is protected by attorney immunity. Def.'s Mot. & Br. 1, ECF No. 25.

> Section 1611 provides that:
>
> Whoever willfully and knowingly (1) gives false or inaccurate information or fails
> to provide information which he is required to disclose under the provisions of this
> subchapter or any regulation issued thereunder, (2) uses any chart or table authorized
> by the Bureau under section 1606 of this title in such a manner as to consistently
> understate the annual percentage rate determined under section 1606(a)(1)(A) of this
> title, or (3) otherwise fails to comply with any requirement imposed under this
> subchapter, shall be fined not more than $5,000 or imprisoned not more than one
> year, or both.

15 U.S.C. § 1611. As Defendant argues, because Section 1611 does not provide for a private cause

of action, this claim should be dismissed. *See Dunn-Mason v. JP Morgan Chase Bank, N.A.*, No. 11-

CV-13419, 2013 WL 5913684, at *13 (E.D. Mich. Nov. 1, 2013) ("15 U.S.C. § 1611 provides

criminal penalties for certain violations of the Truth in Lending Act [] and does not provide a private

civil right of action. . . . Accordingly, plaintiff's claims under that statute should be dismissed . . .

." (citing *Vrabel v. JP Morgan Chase Bank, N.A.*, No. C-C-09-1278-MMC, 2009 WL 2421856, at

*2 (N.D. Cal. Aug. 6, 2009))); *Beepot v. JP Morgan Chase Nat'l Corp. Servs., Inc.*, 57 F. Supp. 3d

1358, 1380 (M.D. Fla. 2014) ("[T]he Supreme Court has explained that private citizens lack a

judicially cognizable interest in the prosecution or nonprosecution of another. . . . As such, the

Beepots cannot bring civil claims under these federal criminal statutes." (quoting *Austin v. Global

Connection*, 303 F. App'x 750, 753 (11th Cir. 2008); *Town of Castle Rock v. Gonzales*, 545 U.S.

748, 767 n.13 (2005)) (internal quotation marks omitted))).

> As also pointed out by Defendant:

5

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(g). Defendant argues that Plaintiff's Complaint fails to make allegations to state that Defendant was a creditor under TILA, by alleging that she either regularly extended credit or that she was the person to whom the debt at issue was initially payable. Def.'s Mot. & Br. 4-5, ECF No. 25. Defendant contends that other courts have rejected similar arguments made against foreclosure counsel. Def.'s Mot. & Br. 5, ECF No. 25 (citing *Bryant v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 646, 662 (E.D.N.C. 2012)). Because Defendant, as an attorney, does not fall under the definition of a "creditor," Plaintiff's civil claim against Defendant under TILA, to the extent Plaintiff is attempting to assert such a claim, also lacks merit. *See Bryant*, 861 F. Supp. 2d at 662 ("Defendants neither regularly extend consumer credit, nor are they the persons to whom the debt arising from the mortgage loan was initially payable. . . . Accordingly, the undersigned recommends that Plaintiffs' TILA claims against . . . Defendants be dismissed." (citing *Thomas v. Green Point Mortg. Funding*, No. 5:10-CV-365-D, 2011 WL 2457835, at *2 (E.D.N.C. June 16, 2011))).

Defendant further argues that any amendments to Plaintiff's claims against her would be futile, because Texas attorneys have immunity from civil liability as to non-clients for actions taken in connection with client representation. Def.'s Mot. & Br. 5, ECF No. 25. Defendant argues that her conduct was clearly within the scope of client representation, because her interactions with Plaintiff was limited to her role as counsel for Caliber in the foreclosure action, and Plaintiff's Complaint fails to allege that she acted otherwise. Def.'s Mot. & Br. 6, ECF No. 25. Because Defendant's

conduct, as alleged in Plaintiff's Complaint, falls within the scope of client representation, Defendant is entitled to attorney immunity. *See* Compl. 24, ECF No. 2; *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 348 (5th Cir. 2016) ("[W]e conclude that the Texas Supreme Court would consider attorney immunity to be true immunity from suit. . . . Plaintiffs alleged that, in representing Stanford Financial in the SEC's investigation, Sjoblom: sent a letter arguing, using legal authorities, that the SEC did not have jurisdiction; communicated with the SEC about its document requests . . . ; and represented a Stanford Financial executive during a deposition. These are classic examples of an attorney's conduct in representing his client. That some of it was allegedly wrongful, or that he allegedly carried out some of his responsibilities in a fraudulent manner, is no matter." (citing *Cantey Hanger v. Byrd*, 467 S.W.3d 477, 485 (Tex. 2015); *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 407 (Tex. App.-Houston [1st Dist.] 2005, pet. denied)).

Upon consideration of the foregoing, Plaintiff's allegations against Defendant fail to state a claim and should be dismissed. Furthermore, as argued by Defendant, any opportunities to amend should not be permitted, because such amendments would be futile.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court

**GRANT** Defendant's Motion to Dismiss [ECF No. 25], and **DENY** Plaintiff's Motion to Strike

[ECF No. 35].

**SO RECOMMENDED**, this *16* day of *February*, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

8