U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 18 2017

CLERK, U.S. DISTRICT COURT
By _____ Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRYAN W. WILDER, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:15-CV-4013-N (BF) |
| JPMORGAN CHASE BANK, N.A., et al., ) | |
| Defendants. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court are Plaintiff Bryan W. Wilder's ("Plaintiff") Request to Enter Default and Subsequently Default Judgment Against Defendant [ECF No. 57] ("Motion for Default Judgment"), and Motion to Strike Defendant's Motion to Dismiss as Untimely [ECF No. 60] ("Motion to Strike"). For the following reasons, the undersigned respectfully recommends that the District Court **DENY** Plaintiff's Motion for Default Judgment [ECF No. 57], and **DENY** Plaintiff's Motion to Strike [ECF No. 60].

## BACKGROUND

On February 24, 2004, Plaintiff executed a Texas Home Equity Note in the amount of $320,000.00 payable to Ogden Ragland Mortgage ("Ogden"). Compl. 7, ECF No. 2; Ex. A, ECF No. 2 at 27-31. Plaintiff also executed a Deed of Trust which created a lien on Plaintiff's home located at 1317 Cedar Hill Avenue, Dallas, Texas 75208. Compl. 7, ECF No. 2; Ex. B, ECF No. 2 at 32-50. Mortgage Electronic Registration Systems, Inc. executed an assignment of this loan to JPMorgan Chase Bank, N.A. ("JPMorgan") in January of 2013. Compl. 4, ECF No. 2. JPMorgan thereafter assigned the loan to Caliber Home Loans, Inc. ("Caliber") in July of 2013. Compl. 4, ECF No. 2. On April 18, 2015, Plaintiff sent his notice of rescission for the February 24, 2004 loan transaction.

Compl. 9, ECF No. 2; Ex. C, ECF No. 2 at 51. On November 3, 2015, Caliber filed an Application for an Expedited Order Under Rule 736 on a Home Equity Loan in the C-68th Judicial District Court of Dallas County, Texas stating that Plaintiff failed to make 24 regular monthly payments on his home equity loan. Ex. I, ECF No. 2 at 64-67.

Plaintiff filed the instant action in the Northern District of Texas on December 18, 2015. Compl., ECF No. 2. In the Complaint, Plaintiff alleges that the defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, by failing to disclose the identity of the true lender and hiding the fact that Ogden was "paid to pose as the 'lender' when in fact [] Ogden failed to fund the promised loan and as such did not consummate the transaction." Compl. 7, ECF No. 2. Plaintiff seeks rescission under 15 U.S.C. §§ 1635 and 1638(a)(1), and 12 C.F.R. § 226.23. Compl. 12-19, ECF No. 2. Plaintiff also argues that the loan was never consummated due to the failure to disclose. Compl. 19-22, ECF No. 2. Plaintiff further alleges that the defendants are subject to criminal liability under 15 U.S.C. § 1611 for filing false pleadings in state court and seeks restitution under 12 C.F.R. § 1026.23(d)(2). Compl. 22-25, ECF No. 2.

The District Court has entered orders disposing of the claims against all of the defendants except for JPMorgan. *See* Orders, ECF Nos. 44, 51, 52, 53. On March 23, 2017, the District Court ordered Plaintiff to show cause as to why he has not move for entry of default and for default judgment as to JPMorgan, given that the case docket reflected that JPMorgan was served on April 4, 2016, but did not make an appearance or otherwise respond. Order, ECF No. 54. On April 21, 2017, Plaintiff filed his Motion for Default Judgment [ECF No. 57]. On May 1, 2017, JPMorgan filed its Response to Plaintiff's Motion for Default Judgment [ECF No. 59]. On May 9, 2017, Plaintiff filed his Reply and Motion to Strike [ECF No. 60]. On May 30, 2017, JPMorgan filed its

2

Response to Plaintiff's Motion to Strike [ECF No. 61].

## STANDARD OF REVIEW

### Default Judgment

Federal Rule of Civil Procedure ("Rule") 55 (b)(2) governs the entry of a default judgment by the Court. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available to a plaintiff who demonstrates the following: (1) the defendant was served and default was entered because the defendant failed to appear; (2) the defendant is not a minor or an incompetent person; (3) the defendant is not in the military or subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant appeared in the case, the defendant was provided with notice of the default judgment application at least three days before the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing 50 U.S.C. § 3931; FED. R. CIV. P. 55; *20th Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)); *see also TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M (BN), 2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *Arch Ins. Co.*, 2013 WL 145502, at *2). In addition, the plaintiff "must make a *prima facie* showing of jurisdiction." *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *2 (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001)).

"The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments." *Arch Ins. Co.*, 2013 WL 145502, at *2 (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). However, this position is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the

3

trial judge's discretion." *Rogers*, 167 F.3d at 936. In determining whether or not to enter a default judgment, district courts consider the following: (1) material issues of fact at issue; (2) substantial prejudice; (3) clearly established grounds for default; (4) excusable neglect or good faith mistake; (5) harshness of a default judgment; and (6) whether the court would set aside the default judgment upon motion. *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *Id.* The entry "of a default judgment is within the Court's discretion." *Id.* at *2.

## Extending Time

"Rule 6 (b)(1)(B) . . . provides the standard that controls the granting of an extension to file a responsive pleading after the deadline to answer has already expired." *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (citing *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995); *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 319 (2d Cir. 1986); *Davis v. Pakhill-Goodloe Co.*, 302 F.2d 489, 495-96 (5th Cir. 1962)). "'[Rule 6(b)(1)(B)'s] requirements are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension[.]'" *Mattress Giant Corp.*, 2008 WL 898772, at *2 (citing 4B Wright & Miller, *supra*, § 1165, at 523-29). "'Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time.'" *Id.* (citing 4B Wright & Miller, *supra*, § 1165, at 533-34). "Excusable neglect encompasses 'late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith[.]'" *Id.* (quoting *Panis*,

4

60 F.3d at 494; citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "Other factors that courts have considered in assessing whether to grant relief under the predecessor of Rule 6(b)(1)(B) is the length of the applicant's delay and the prejudice to other parties." *Id.* (citing *Mommaerts*, 472 F.3d at 968; 4B Wright & Miller, *supra*, § 1165, at 534).

## ANALYSIS

In the Motion for Default Judgment, Plaintiff argues that the Court's failure to award default judgment "would create a perverse incentive for future defendants in TILA enforcement actions, by rewarding corporate defendant's failure to answer or defend this action." Mot. 7, ECF No. 57. In its response, JPMorgan argues that Plaintiff made no showing of prejudice caused by its delay, and that Plaintiff's only basis for requesting a default judgment is JPMorgan's failure to meet the procedural time requirement for an answer. Resp. 4-5, ECF No. 59. JPMorgan contends that the Court has dismissed with prejudice the claims against all of the other defendants in this case, and that the arguments to dismiss made by JPMorgan are similar to those that have already been accepted by the Court in connection with the other defendants. Resp. 3, ECF No. 59. In his Motion to Strike, Plaintiff argues that JPMorgan filed its motion to dismiss 11 months after it was served, without seeking leave from the Court, and that JPMorgan has not shown excusable neglect. Reply 2-4, ECF No. 60. In its response to Plaintiff's Motion to Strike, JPMorgan argues that its delay in responding to Plaintiff's Complaint was not due to bad faith, but mistake or carelessness, because it was caused by Plaintiff's Complaint getting routed to the wrong department. Resp. 3-4, ECF No. 61. JPMorgan argues that the Court has refused to enter a default judgment premised on an untimely answer where the result would be a windfall for the plaintiff whose claims were not warranted, and that the request for default judgment should be denied because Plaintiff has not shown prejudice. Resp. 4, ECF No.

61. Plaintiff further argues that the Court has construed a response brief to a motion to strike as a motion to file an untimely answer. Resp. 5, ECF No. 61 (citing *Mattress Giant Corp.*, 2008 WL 898772, at *2).

Upon consideration of the foregoing, the undersigned finds that JPMorgan's conduct falls within Rule 6(b)(1)(B)'s excusable neglect standard, and that JPMorgan's response to Plaintiff's Motion to Strike should be construed as a motion for leave to file a responsive pleading out of time and granted. *See Mattress Giant Corp.*, 2008 WL 898772, at *2-3. Furthermore, in considering the standard for motions for default judgment motions, the undersigned concludes that Plaintiff's Motion for Default Judgment should also be denied so that JPMorgan's motion to dismiss can be considered on its merits. *See Arch Ins. Co.*, 2013 WL 145502, at *3 ("Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party.").

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **DENY** Plaintiff's Motion for Default Judgment [ECF No. 57], and **DENY** Plaintiff's Motion to Strike [ECF No. 60].

**SO RECOMMENDED**, this 18 day of December, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).